## JORDAN v. AMERICAN SIGHT-SEEING COACH CO.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—NEGLIGENT DRIVING—
EVIDENCE.

In an action for the death of a person killed by an automobile, evidence *held* not to show negligence of defendant.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*) — USE OF STREETS—NEGLIGENT DRIVING—
EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action for the death of a person killed by an automobile, evidence *held* to show decedent's contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Trial Term.

Death action by James Jordan, administrator of James Jordan against the American Sight-Seeing Coach Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank Verner Johnson, for appellant.
Louis Steckler, for respondent.

CLARKE, J. This is an action to recover damages for the death of plaintiff's intestate, a boy 11 years old, who was run over and killed by a sight-seeing automobile owned by defendant. Decedent, a schoolboy, was standing on the sidewalk on the south side of East Sixty-Fifth street, opposite the parochial school situated on the north side of said street about the middle of the block between Third and Lexington avenues. It was shortly before 9 in the morning of a bright day in May. The automobile was proceeding at a medium rate of speed on the north side of Sixty-Fifth street in a westerly direction from Third avenue to Lexington avenue. The proof tended to show that some boys towards Third avenue were playing with a ball; that the ball was thrown towards Lexington avenue; that it rolled and bounded along the street, ran under the automobile, proceeding in the same direction; and that the decedent, seeing the ball, darted from the sidewalk where he was standing, in front of the automobile, and had reached within five or six feet of the north curb when he was struck, knocked down, run over, and killed. The machine was stopped by the chauffeur, so that its hind wheel was only five feet from the body. One of the plaintiff's witnesses testified that, when this ball went between the wheels of the automobile, the decedent—

"was standing on the south sidewalk, and then he started and ran after this ball. He ran in the same direction the ball was going. * * * He ran out, kind of, and going down toward Lexington avenue, so that he would be able to catch it; that is, he was trying to head off the ball, and he started to run about the time the ball bounded off into the street."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

One of them said:

"He stooped down to pick up the ball when he was about 12 feet in front of the automobile, and then seemed to realize his danger."

The boy who testified for the defendant, after describing the situation and the rolling ball as the witnesses for the plaintiff did, said:

"The Jordan boy, seeing that, dashed out after the ball, and the automobile had turned down Sixty-Fifth street from Third avenue, and the automobile had almost passed the boy. The driver's seat was 'past the boy before he ran, and then he ran from the south side and did not reach the ball. He ran until he was about 6 feet from the gutter—the north side of the gutter. He saw the automobile almost on top of him, and he stood as if he did not know which way to move, and the axle of the automobile struck him on the back, and knocked him on the back,  *  *  *  and the back wheel passed over his neck.  *  *  *  The boy, when he started to run across the street, was behind the automobile, and he ran on an angle and got in front of the machine. The distance between him and the machine was about 4 feet before he saw what he was doing; that is, he ran right close in front of the machine.  *  *  * When he started to dart from the south side the automobile was then about ‹ 12 to 14 feet away from him."

East Sixty-Fifth street has a downgrade at this point towards Lexington avenue, and it was testified that the chauffeur put off his power, put on his brakes, and "the automobile skidded,  *  *  *  for the wheels stood still."

As it appears that the automobile was on the proper side of the street, in the middle of a block, proceeding at a moderate rate, as is testified by all the eyewitnesses; that it was a large machine; that the boy must have seen it if he had looked; that the roadway was clear in front of it; that the boy, interested in catching the ball, suddenly ran from the sidewalk on the south side of the street, where he was in a place of safety, immediately in front of the machine, at a distance variously stated from 4 to 12 feet; that the automobile was stopped so that its wheels skidded, and only proceeded 5 feet beyond the body of the boy—we are unable to find in this record evidence of negligence on the part of the defendant, and we do find contributory negligence on the part of the decedent. The jury found a verdict for the plaintiff in the sum of $600. That verdict is not supported by the evidence in the two particulars essential to a recovery.

The judgment entered thereon, and the order appealed from, should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.