## MARIUS v. MOTOR DELIVERY CO.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

1. NEGLIGENCE (§ 85\*)—CONTRIBUTORY NEGLIGENCE—CHILDREN—"ORDINARY CARE."

   Whether or not an infant exercised ordinary care depends upon whether he used that care that a person of his own age, education, and mental and physical capacity would ordinarily use under like circumstances.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.\*

   For other definitions, see Words and Phrases, vol. 6, pp. 5029–5042; vol. 8, pp. 7739, 7740.]

2. MUNICIPAL CORPORATIONS (§ 705\*)—CONTRIBUTORY NEGLIGENCE—PERSONS INJURED—DUTY TO OBSERVE AND AVOID DANGER.

   It is the duty of a boy playing in a street and in danger from motors to observe and avoid such danger, and there can be no recovery if he fails to exercise due care.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NEGLIGENCE (§ 85*) — INFANTS — CONTRIBUTORY NEGLIGENCE — "ORDINARY CARE."

 Reasonable care required of a child playing in a street is that care that could fairly be expected of a child of his age, intelligence, and physical condition; and, if he had greater natural capacity and intelligence than the average boy of his age, he was bound to use a degree of care proportionately greater.

 [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

4. MUNICIPAL CORPORATIONS (§ 706*)—INJURY TO PEDESTRIAN—COLLISION WITH MOTOR.

 In an action for injuries to a child playing in a street by collision with a motor car, an instruction that if the child ran into the side of the truck, or if he ran from a place of safety to a place of danger immediately in front of the rear wheel of the truck, there could be no recovery, was improperly denied.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

5. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—PERSONAL INJURIES—PRESUMPTIONS.

 A collision between a pedestrian and a motor car raises no presumption that the operator of the car was negligent.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Trial Term, New York County.

Action by Antonia J. Marius, as administratrix of the estate of Clarence A. M. Marius, deceased, against the Motor Delivery Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Herrick C. Allen, for appellant.
Harold A. Callan, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of a boy 8½ years of age, alleged to have been caused by the negligence of a driver employed by the defendant in operating a motor truck, carrying United States mail and a verdict for $5,000 which if not excessive, at least, borders on excessiveness, has been recovered. The decedent was engaged in playing ball with other boys in West 124th street, near St. Nicholas avenue, and he was struck and injured by the truck which was going westerly along 124th street. There is quite a conflict in the evidence with respect to the circumstances attending the accident. The evidence offered in behalf of the plaintiff tended to establish the theory that the motor truck was on the wrong side of the street, being a little south of the middle of the street, and that it came along without giving any warning, and that the boy was struck by the left front wheel while passing from the middle of the street toward the southerly curb, and on the part of the defendant evidence was given tending to show that the boy ran into the side of the truck, and thus came in contact with the rear wheel. In the vicinity of the place where the accident occurred there was no other vehicle or ob-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction in the street either to interfere with the view of the decedent or of the driver of the motor truck. It was a bright, clear day, and the accident occurred in broad daylight. The decedent was a bright boy, in the possession of all of his faculties, with the exception that it appears that he wore eye glasses in school, and had attended school since he was five years old; and, according to the testimony of his teacher, his standing in his classes was "superior."

There is a sharp conflict in the testimony bearing on the main issues with respect to freedom from negligence on the part of the decedent, and negligence on the part of the defendant. In these circumstances the defendant was entitled to have the jury fully and clearly and carefully instructed with respect to the propositions of law by which they were to determine whether the decedent was free from contributory negligence and whether the defendant was negligent. We are of opinion that the court failed to sufficiently instruct the jury on these points, and that the exceptions relating thereto present reversible error.

In the charge in chief, the court instructed the jury that it was the duty of the plaintiff to show by a fair preponderance of the evidence that the defendant was negligent, and that the decedent was free from contributory negligence, but failed to give the jury any instructions with respect to what constituted negligence, or to give the jury a rule by which they could test the conduct of the decedent to determine whether or not he was guilty of contributory negligence. The court in instructing the jury with respect to the effect of the defendant's truck being on the wrong side of the street, if they should so find, stated that that would not necessarily establish negligence, but that it would be a "factor and item" to be taken into consideration and weighed with other facts, if any, indicating that the driver was negligent, and that if the other facts were sufficiently persuasive to show the jury that the driver "was negligent, that he did not conduct himself as a reasonable and prudent (man) would in driving this machine on the street on that day, and under those circumstances, then he has been negligent," but the court failed to inform the jury that it was the duty of the decedent to conduct himself as a reasonable and prudent boy of his age and understanding would have conducted himself under like circumstances, or that the standard by which they were to determine whether or not the decedent was guilty of contributory negligence was whether he exercised that care which would ordinarily be exercised by a child of his age and understanding and of ordinary prudence.

[1] The court, however, after submitting to the jury the main questions and then the question of damages, added:

"I should also say to you that this child was not of age. He was 8½ years old. A child of that kind, bright and intelligent, even though he may not be chargeable with quite so much fear (care) as a grown person. It is for you to determine finally whether this child of the intelligence and educational progress and general character testified to you used such care as a child of that position should use; and by that test you will determine whether or not he was free from contributory negligence in this particular case."

The test thus prescribed by the court is not the true test by which to determine whether or not the decedent was negligent. It was not

for the jury to determine what care he should have used. The law prescribes that he should have used the same care that a person of the same age, education and mental and physical capacity ordinarily uses under like circumstances.

[2, 3] At the close of the charge, counsel for the defendant presented requests to charge, which, if granted, would have remedied the errors in the main charge in the particulars mentioned, and would have fully instructed the jury with respect to their duties; but they were declined and exceptions were duly taken. The court was thus duly requested to instruct the jury that it was the duty of the decedent to exercise reasonable care to avoid injury, and that reasonable care is the care that could fairly be expected of a child of his age, capacity, intelligence, and physical condition, and that, if he had greater natural capacity and intelligence than the average boy of his age, he was bound to use a degree of care proportionately greater, and that, if he failed so to do, the defendant was entitled to a verdict. The defendant duly requested an instruction to the effect that, if the decedent failed to exercise any care, there could be no recovery.

[4, 5] The court had not expressly instructed the jury that it was the duty of the decedent to use any care, but merely left it to the jury to determine whether he "used such care as a child of that position should use." The court was also requested to instruct the jury that if the decedent ran into the side of the truck, or if he ran from a place of safety to a place of danger immediately in front of the rear wheel of the truck, there could be no recovery, and that a collision between a pedestrian and a motor car raised no presumption that the operator of the car was negligent. All of these requests were declined and exceptions were duly taken. We are of opinion that in the circumstances they should have been granted, for they were not sufficiently covered by the main charge, and excepting, as already stated, the jury were given no instructions whatsoever with respect thereto. There is no room for doubt with respect to the propriety of granting any of these requests, excepting, perhaps, the two which were evidently framed to present concretely to the jury their duty in the event that they believed the testimony offered to establish the defendant's theory with respect to how the accident occurred; but it would seem that, even though the motor truck may have been a little beyond the middle of the street, that would not warrant a recovery if the decedent ran into the side of it immediately in front of the rear wheel, for, if the accident occurred in this manner, it is not clear that any negligence there may have been on the part of the defendant may properly be said to be the proximate cause of the accident, and, if the accident happened in that manner, it is difficult to escape the conclusion that the decedent was guilty of contributory negligence as matter of law.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.