ANTONIA MATOS, ETC., Plaintiff and Appellee, *v.* JOSEFA RODRÍGUEZ, Defendant and Appellant.

No. 4539.   Argued December 20, 1929.—Decided November 7, 1930.

*Diego O. Marrero* and *Salvador Suau* for appellant.  *A. Martínez Avilés* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Appellant says that the district court erred in deciding the conflict in the evidence adversely to defendant, and in rendering judgment for plaintiff, because the averments of the complaint are not sustained by a preponderance of the evidence. A careful reading of the two fifty-page briefs and of the stenographic record in the light of the argument contained in such briefs does not disclose any manifest error in the weighing of the evidence.

Another contention is that the district court erred in holding that by virtue of paragraph (*e*) of section 12 of "An Act to regulate the operation of motor vehicles in Puerto Rico, and for other purposes" (Laws 1916, page 140), the driver of defendant's omnibus was obliged to blow his horn upon passing another motor vehicle traveling in the opposite direction. We do not find any satisfactory evidence of such a ruling in the statement of the case and opinion filed by the district judge.

The third contention of appellant is that the district court erred in finding that the injuries complained of were due to the negligence of defendant's chauffeur and not the result of an unavoidable accident.

The district judge found that the driver of defendant's omnibus, while not guilty of gross negligence, was guilty of actionable negligence. We quite agree with appellant that there was no necessity for any finding as to gross negligence, but the error, if any, was not reversible error.

We can not agree with appellant that "the only reason the court *a quo* had for reaching the conclusion that the em-

ployee of the defendant was negligent, was that the chauffeur might have seen the plaintiff had he been traveling in the manner explained by the witnesses for the defendant.'' In so far as the argument for appellant does not rest upon this distorted view of the statement of the case and opinion filed by the district judge, the question of proximate cause and unavoidable accidents as developed in the brief does not demand serious consideration.

The last contention of appellant is that the district court erred in finding that the child, Rafael Pérez, was not guilty of contributory negligence, and in rendering judgment for plaintiff notwithstanding the fact that such negligence was shown to be the proximate cause of the accident.

The accident occurred on the road between San Juan and Río Piedras, near Río Piedras, about dusk, at a place where there were no sidewalks. Pedestrians using the road at that point were obliged to walk upon the traveled portion thereof or else in the gutters or ditches on either side. Rafael Pérez was ten years old at the time of the accident. He was traveling toward San Juan in a small four-wheel wagon on the extreme right of the traveled portion of the road. Another boy, Ezequiel Nieves was pushing the wagon from behind. A motor bus coming from Río Piedras to San Juan, when about to pass the two boys swerved to the right in order to make room for another bus traveling in the opposite direction, struck the wagon, and injured Rafael Pérez. Ezequiel Nieves heard the noise made by the bus when it was almost upon him and escaped injury by stepping aside into the gutter. The driver of the bus did not see the boys and gave no warning of his approach.

Rafael Pérez was in the second grade and sold fritters outside of school hours. He and Ezequiel Nieves had played together before the day of the accident, but had not previously used the wagon on the public highway. They probably knew that they were exposed to the danger of being run down by the careless driver of some motor vehicle. It does not

follow that they were guilty of contributory negligence. The average pedestrian, the bicycle rider, and the woman who pushes a baby carriage on a public thoroughfare where there are no sidewalks, when vehicular traffic is heavy, are aware of the risk they run. Nevertheless they are not guilty of contributory negligence merely because they assume that risk. We do not deem it necessary to discuss the cases cited by appellant in order to distinguish the instant case. The authorities so relied upon are *Elmendorf* v. *Clark*, L.R.A. 1918 F, 802; *Zoltovski* v. *Czella*, 26 L.R.A. (N. S.) 435; *Masterson* v. *McGoldrick Lumber Co.*, 221 Pac. 990; *Marius* v. *Motor Delivery Co.*, 131 N.Y.S. 357; *Wobwich* v. *Dry Dock E. B. & B. R. Co.*, 98 N.Y.S. 39; *Yordan* v. *American Sight Seeing Coach Co.*, 113 N.Y.S. 786; and Huddy on Automobiles, 1922 ed., section 419, page 503.

The district judge did not err in holding that the boys had a right to be where they were at the time of the accident, nor in finding that Rafael Pérez (under the rule referred to in *Rivera* v. *Succrs. of López Villamil & Co.*, 29 P.R.R., 257) was not guilty of contributory negligence, nor in rendering judgment for plaintiff.

That judgment must be affirmed.