Antonia Matos, como madre con patria potestad del menor Rafael Pérez, demandante y apelada, *v.* Josefa Rodríguez, demandada y apelante.

No. 4537.—*Sometido:* Diciembre 20, 1929. *Resuelto:* Noviembre 7, 1930.

*Diego O. Marrero* y *Salvador Suau*, abogados de la apelante; *A. Martínez Avilés*, abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La apelante alega que la corte de distrito cometió error al resolver el conflicto de la prueba adversamente a la demandada y al dictar sentencia a favor de la demandante, toda vez que las alegaciones de la demanda no están sostenidas por la preponderancia de la prueba. Una cuidadosa lectura de los dos alegatos de cincuenta páginas y de la transcripción taquigráfica a la luz de los argumentos aducidos en tales alegatos no revela ningún error manifiesto en la apreciación de la prueba.

Otra contención es que la corte de distrito cometió error al resolver que de acuerdo con el artículo 12, apartado (*e*), de la "Ley para reglamentar el uso de vehículos de motor en Puerto Rico, y para otros fines," Leyes de 1916, pág. 144, el *chauffeur* de la guagua de la demandada tenía el deber de tocar la bocina al cruzar con otro vehículo que caminara en dirección contraria. No hallamos prueba satisfactoria de tal resolución en la relación del caso y opinión dictada por la corte de distrito.

La tercera contención de la apelante es que la corte inferior cometió error al resolver que el accidente se debió a la negligencia del *chauffeur* de la demandada y no al resultado de un accidente inevitable.

El juez de distrito resolvió que si bien el conductor de la guagua de la demandada no era culpable de negligencia crasa, era culpable de negligencia civilmente procesable. Convenimos enteramente con la apelante en que no hubo necesidad de emitir ninguna conclusión relativa a negligencia crasa, pero el error, de haberse cometido, no es uno que dé lugar a la revocación.

No podemos convenir con la apelante en que "la única razón que tuvo la corte *a quo* para llegar a la conclusión de

que el empleado de la demandada incurrió en negligencia, (fué) la de que el demandante pudo haber sido visto por el *chauffeur* si hubieran caminado en la forma en que lo explican los testigos de la demandada.'' Alegato del apelante, página 31. En tanto en cuanto el argumento de la apelante no se funda en este punto de vista erróneo de la relación del caso y opinión emitida por la corte sentenciadora, la cuestión de causa próxima y de accidentes inevitables, según se discute en el alegato, no exige ulterior consideración.

La última contención de la apelante es que la corte de distrito cometió error al resolver que el niño Rafael Pérez no fué culpable de negligencia contribuyente y al dictar sentencia a favor de la demandante a pesar del hecho de que se demostró que tal negligencia fué la causa próxima del accidente.

El suceso ocurrió en la carretera que conduce de San Juan a Río Piedras, cerca de esta última ciudad, como al oscurecer, en un lugar donde no había aceras. Los viandantes que usaran la carretera en ese sitio se veían precisados a caminar por la parte donde corrían los vehículos, o de lo contrario por las cunetas o zanjas a ambos lados. Rafael Pérez tenía diez años de edad en el momento de ocurrir el accidente. Se dirigía a San Juan en un carrito de cuatro ruedas, por la orilla derecha de la carretera que usan los vehículos. Otro niño, Ezequiel Nieves, empujaba el carrito por detrás. Una guagua que caminaba en dirección de Río Piedras a San Juan, en el momento de pasarle a los dos niños se echó hacia la derecha a fin de dar paso a otra guagua que caminaba en dirección contraria, chocó con el carrito y arrolló a Rafael Pérez. Ezequiel Nieves oyó el ruido producido por la guagua casi en el momento en que ésta estaba sobre él, y evitó ser lesionado lanzándose a la cuneta. El conductor de la guagua no vió a los niños y no dió aviso alguno de su aproximación.

Rafael Pérez estaba en segundo grado y vendía frituras fuera de las horas de escuela. El y Ezequiel Nieves habían jugado juntos antes del día del accidente pero no habían

usado previamente el carrito en la carretera. Probablemente sabían que corrían el riesgo de ser arrollados por cualquier conductor poco cauteloso de un vehículo de motor. No se desprende que ellos fueran culpables de negligencia contribuyente. La mayoría de los viandantes, ciclistas, y la mujer que empuja un cochecito de niño por una vía pública en que no hay aceras, cuando el tráfico de vehículos es grande, saben el riesgo que están corriendo. Empero ellos no son culpables de negligencia contribuyente meramente por asumir ese riesgo. No creemos necesario discutir los casos citados por la apelante a fin de hacer una distinción del presente caso. Las autoridades en que así se funda la apelante son las siguientes: *Elmendorf* v. *Clark,* L.R.A. 1918 F, 802; *Zoltovski* v. *Gzella,* 26 L.R.A. (N. S.) 435; *Masterson* v. *McGoldrick Lumber Co.,* 221 Pac. 990; *Marius* v. *Motor Delivery Co.,* 131 N.Y.S. 357; *Wobwich* v. *Dry Dock E. B. & B. R. Co.,* 98 N.Y.S. 39; *Yordan* v. *American Sight Seeing Coach Co.,* 113 N.Y.S. 786, y *Huddy on Automobiles,* ed. 1922, sec. 419, pág. 503.

El juez de distrito no cometió error al resolver que los niños tenían derecho a estar donde se hallaban en el momento de ocurrir el accidente, ni al resolver que Rafael Pérez (de conformidad con la regla a que se hace referencia en el caso de *Rivera* v. *Sucesores de López Villamil & Co.,* 29 D.P.R. 275) no era culpable de negligencia contribuyente, ni al dictar sentencia a favor de la demandante.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.