[No. 4114. Decided March 18, 1902.]

Michael Boyer, *by Francis Boyer, his guardian ad
litem, Appellant,* v. Northern Pacific Coal Com-
pany, *Respondent.*

INJURY TO MINOR SERVANT — ASSUMPTION OF RISK — QUESTION FOR
JURY.

Whether a boy fourteen years of age had intelligence and ex-
perience enough to appreciate the danger of getting between two

cars in a coal mine drawn by a wild mule to operate the brakes thereon, in the performance of work required of him by the mine superintendent without having been informed of its dangerous character, is a question for the jury, as the question of his assumption of an obvious risk would depend upon the degree of his intelligence and experience, and is not a matter of law, but one of fact for the jury to determine.

Appeal from Superior Court, Kittitas County.—Hon. FRANK H. RUDKIN, Judge. Reversed.

*Henry J. Snively* and *Robertson, Miller & Rosenhaupt,* for appellant.

*B. S. Grosscup* and *James F. McElroy,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Michael Boyer, a minor, brought this action, by his guardian, against the Northern Pacific Coal Company, to recover for injuries received while in the employ of the defendant, engaged in the operation of its coal mines at Roslyn, Yakima county. The complaint alleges that, through the negligence of the defendant in not providing suitable cars and brakes therefor and tracks and other appliances, and in not informing plaintiff of the dangers of his employment, the plaintiff, while engaged in helping to haul coal out of defendant's mine, was injured between the bumpers on two coal cars. The defendant, after denying the allegations of negligence, pleaded contributory negligence on the part of plaintiff. When the cause was on trial, after plaintiff had rested his case, defendant challenged the sufficiency of the evidence to show any negligence on the part of the defendant, and moved the court to grant a nonsuit. This motion was sustained, and the action was dismissed. Plaintiff appeals.

It appears from plaintiff's evidence that he was employed by defendant on April 18, 1898. He was then thirteen

years and seven months of age. His employment at that
time was in the capacity of trapper, his duty being to
open and close the doors leading from one room to another
in the mine. He was kept at this work for some five or six
months, when the doors were fastened open, and he was
then directed to assist the drivers of mules used in draw-
ing coal from the mine in cars, his duties in this em-
ployment being to hold down the brakes on the cars. The
evidence does not make it clear how long he was engaged
in this employment before the injury. He was, however,
two or three days before the injury, directed by the superin-
tendent to assist one of the drivers with a wild mule. At
first he was afraid of the mule, and hesitated about going,
but the superintendent insisted, and he went. He was
directed to hold down the brakes on the two rear cars when
the mule should go too fast. It appears that a load for the
mule consisted of three cars coupled together, these cars
being about six feet long, three feet wide at the top, and
two and a half feet at the bottom; that the speed of the
mule and the cars was regulated by the use of the brakes.
The evidence is somewhat confused as to the location of
these brakes on the cars. Some of the witnesses say they
were operated from the side; some say at the rear end, and
some say at the front. At any rate, the plaintiff testified
that he was required to stand upon the rear bumper to
operate the brake of the rear car; that on the day of the
injury this brake was so defective that he could not ope-
rate it at the rear of the car, and that he was therefore
compelled to get in between the two rear cars to operate the
brakes; that the mule was going fast, and the driver di-
rected him to set the brakes, and that, while he was in the
performance of this duty, the mule jumped sidewise and
jerked the first car off the track, causing the two rear cars

to throw him between the bumpers thereof, which crushed his foot. He also testified that he was not warned of the danger of his position, nor of the dangers incident to the employment. The evidence clearly showed that the employment was dangerous. The only question presented here is whether the evidence of the plaintiff, assuming it to be true, shows any negligence on the part of the defendant. It is insisted by the appellant that negligence is shown in four particulars: (1) Negligence in employing a wild mule to haul the cars; (2) negligence in permitting its cars, especially the brakes, to be out of repair; (3) negligence in not providing lines for controlling the mule; (4) negligence in not instructing appellant of the dangerous character of the work. We shall not discuss these elements of negligence separately. We assume, for the purpose of this appeal, that the evidence of the plaintiff, uncontradicted as it now stands, is true in these particulars, viz., that the mule employed to draw the cars was not accustomed to this sort of work, and, as plaintiff says, "would jump sidewise and kick and run"; that plaintiff was afraid of the mule, and objected to working with him, until the superintendent urged him to do so; that, on account of the defective brake in the rear car, he was obliged to get between the two rear cars to perform his duty, and that this was a dangerous position; that the plaintiff was a boy fourteen years of age at the time, and was given no warning of his danger. The argument of respondent is based principally upon the theory that it was not necessary for defendant to have warned the plaintiff,— that he assumed the obvious risk. The evidence before us does not show the size, or capacity of the boy to comprehend his danger, and we therefore assume that he was a boy of the capacity usual for one of his age. If it may be

said of a boy fourteen years of age that, as a question of law under the facts heretofore set out, he must have been aware of the dangers necessarily incident to getting in between the cars for the purpose of operating the brakes, the lower court committed no error in dismissing the cause. This court, quoting from *Consolidated Traction Co. v. Scott,* 58 N. J. Law, 682 (34 Atl. 1094, 33 L. R. A. 122), in *Roberts v. Spokane Street Ry. Co.,* 23 Wash. 325 (63 Pac. 506, 54 L. R. A. 184), uses the following language:

"Where there is a question whether the child is of sufficient age and discretion to be capable of some care for his own safety, the question of his capacity and its degree is for the jury. . . . And when a child has reached the age of discretion, and is considered *sui juris,* as a matter of law, the degree of care and caution required of him will be no higher than such as is usually exercised by persons of similar age, judgment, and experience; and whether that degree of care and caution has been exercised by the child in a given case is usually, if not always, a question of fact for the jury. 4 Am. & Eng. Enc. Law, 46, and cases cited."

In the case of *Luebke v. Berlin Machine Works,* 88 Wis. 442 (60 N. W. 711, 43 Ah. St. Rep. 913), the court said:

"The same rule applies to the case of an employee who is a minor, where the defect or danger is open and obvious, in so far as he is of such age, intelligence, discretion, and judgment as to enable him to comprehend the situation and appreciate the danger incident to the work or employment. Subject to this qualification, knowledge of the defect or danger is to be imputed to him in like manner as to an adult. It is, however, a question for the jury to determine upon the evidence whether a minor servant was of sufficient age, intelligence, discretion, and judgment to bring him within the operation of the rule applicable to adult servents,"—

citing *Chopin v. Badger Paper Co.*, 83 Wis. 192 (53 N. W. 452), where it is said:

"The court rightly held that the question whether the plaintiff, from his previous experience with machinery, should have comprehended the risk, so that warning or instruction by the defendant was unnecessary, was a question for the jury."

See, also, *Northern Pacific Coal Co. v. Richmond*, 7 C. C. A. 485 (58 Fed. 756) ; *Tagg v. McGeorge*, 155 Pa. 368 (26 Atl. 671, 35 Am. St. Rep. 889) ; *Steiler v. Hart*, 65 Mich. 644 (32 N. W. 875) ; *Mitchell v. Tacoma Ry. & Motor Co.*, 9 Wash. 120 (37 Pac. 341) ; *Railroad Co. v. Fort*, 17 Wall. 555 ; *Wheeler v. Wason Mfg. Co.*, 135 Mass. 294.

The controlling inquiry must be, in cases of this character, whether or not the minor appreciated the danger to which he was subjected. There can be no fixed period when a minor may be held, as a matter of law, to appreciate danger which may surround him. His appreciation of danger will depend more upon his intelligence and experience than upon his age. The boy of fourteen, of average intelligence, with no experience with dangerous appliances, may know less of danger than one of less intelligence who has had experience. So that the question of age, when compared with natural intelligence and past experience, may have very little influence in determining the ability of a minor to appreciate danger. Natural intelligence and experience must always depend upon the training and surroundings of the boy. These are questions of fact, for the jury to pass upon as other facts in the case. This plaintiff may be an exceptionally bright and reckless boy. He may have fully appreciated his danger without any warning from the defendant. On the other hand, he may be dull, and have had no appreciation of his danger, in

which case it was necessary that he should be instructed therein. In either case, the question whether or not the minor appreciated the danger to which he was subjected is usually a question of fact for the jury, under proper instructions,—not a question of law for the court. Ordinarily, when a boy of fourteen is directed to go between cars as this one was, without any warning by his employer as to the danger, it cannot be said that he is required to take notice of contingencies which may or may not arise, and which make the undertaking extremely hazardous. It may well be doubted whether an adult, under the circumstances of this case, as they now appear, could be held to have assumed the risk. Certainly it was the duty of the defendant to have informed the plaintiff of his danger unless it appeared that he was an exceptionally bright boy, and was fully aware thereof, and, not having done so, defendant was negligent.

It was error of the court to grant a non-suit. The cause will be reversed, with instructions to grant a new trial.

REAVIS, C. J., and ANDERS, WHITE, HADLEY, FULLERTON and DUNBAR, JJ., concur.