[No. 7528. Decided February 24, 1909.]

CHARLES AKIN, *a Minor, by Rufus L. Akin, his Guardian Ad Litem, Respondent,* v. BRADLEY ENGINEERING & MACHINERY COMPANY, *Appellant.*[1]

NEGLIGENCE — DANGERS ATTRACTIVE TO CHILDREN — CONTRIBUTORY NEGLIGENCE. It is a question for the jury whether a boy eleven years of age was guilty of contributory negligence in attempting to explode dynamite caps by contact with dry batteries.

APPEAL—DECISION—LAW ·OF CASE. A decision on a former appeal as to the sufficiency of facts stated by counsel in his opening statement is the law of the case, and conclusive on review of evidence showing the same facts.

APPEAL—REVIEW—INSTRUCTIONS. Error cannot be predicated up-on the refusal to give instructions in any particular language where the jury were properly instructed.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS. An instruction that if the plaintiff was guilty of contributory negligence which directly and proximately contributed to his injury, is not objectionable as failing to define contributory negligence, as it in effect defines it as such negligence on the part of the plaintiff as helped to produce the injury.

SAME—DANGERS ATTRACTIVE TO CHILDREN—KNOWLEDGE OF DANGER. An instruction on the subject of contributory negligence of a boy is not objectionable in that it failed to define the degree of knowledge that he must possess to render him responsible; it being sufficient to state that the jury must take into consideration the amount of prudence, care and judgment which would ordinarily and reasonably be expected of a boy of his age, under the circumstances.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered March 18, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Myron A. Folsom* and *B. B. Adams,* for appellant.

*Merritt, Oswald & Merritt,* for respondent.

[1]Reported in 99 Pac. 1038.

DUNBAR, J.—This action was brought by Charles Akin, a minor, through his guardian *ad litem*, against defendant, to recover for injuries alleged to have been received as a result of the explosion of a dynamite cap. The first trial was held in May, 1907, and resulted in a judgment of nonsuit at the conclusion of plaintiff's opening statement. An appeal was taken to this court, and the judgment was reversed and the cause remanded with instructions to hear the evidence. Upon the second trial the plaintiff, at the conclusion of plaintiff's evidence and again at the conclusion of the whole evidence, moved for judgment, which motion was denied. The court refused the instructions requested by the defendant, the case went to the jury, and a verdict was returned in favor of plaintiff for the sum of $2,500. Judgment was entered thereon, and from such judgment this appeal was taken.

It is assigned that the court erred (1) in refusing to dismiss the jury and enter judgment for the defendant at the close of the whole evidence; (2) in refusing to give instructions numbered 1, 2, 3, 6, and 7, as requested by appellant. For a statement of the case reference is here made to the decision of this court on the former appeal, reported in 48 Washington, at page 97, 92 Pac. 903. It is true that decision was based on the presumption that the statement of the facts made by the attorney for the respondent was true, the court having dismissed the action on the opening statement of respondent's attorney. But it is, we think, apparent from the record that the matters contained in the statement which was the basis of the former decision, while probably failing of proof in some minor details, were substantially proven as stated by respondent's attorney, and that there was sufficient proof to go to the jury on the question of negligence and contributory negligence. It is earnestly contended by counsel for appellant that the boy, Charles Akin, was guilty of contributory negligence, because he must have known that he would probably be hurt if the cap exploded, and that he must have known that the cap was liable to

explode if he touched it to an electric battery. But this court in its former decision did not indorse this view, which was the same view that was urged by the counsel for appellant at that time. The court, in passing upon that question, said:

"It seems to be conceded that respondent would have been liable had the boy been injured by exploding the cartridge against a rock or with a hammer. It would seem that any natural, available method which the boy himself, through his inexperience and lack of knowledge, would adopt for the purpose of creating an explosion, would bring the case into the same category as one where the explosion was made by a rock or hammer. For instance, if the boy had struck a match and exploded the cap with the heat thereof, or had deposited the cartridge upon a hot stove, it would seem, in principle, to be the same as if he had exploded it with a hammer or with a battery. An intervening cause, to be a defense in an action of this kind, must ordinarily come from an outside source, as an act of God or of some human or other agency, independent of the ignorant and inexperienced conduct or omission of the boy in question. The ignorance and inexperience of this boy, if found as stated by his counsel, relieves him from the charge of contributory negligence. If he knew or suspected that this cartridge would explode when brought in contact with the battery, and was old enough and intelligent or experienced sufficiently to understand that such an explosion would probably do him serious injury, then he would not be entitled to recover. These matters were matters to be shown by the evidence and to be thereafter passed upon by the jury or court."

These matters were shown by the evidence, and the weight of the evidence was passed upon by the jury. It will be seen that, if the contention of the appellant is true, that the boy was guilty of contributory negligence because he thought the cap might explode when placed in contact with the battery, the former decision of this court was wrong, because the statement upon which that decision was based was to the effect that the boy proceeded to make an experiment of touching off the cap. But right or wrong, that

decision is the law of this case, and the law under which the case was retried.

It is urged that the court erred in refusing to give the following instructions:

"(6) You are further instructed that, if the plaintiff Charles Akin knew or suspected that this cartridge would explode when brought in contact with an electric battery, and had sufficient intelligence or experience to understand that he might be injured by the explosion, no recovery can be had, and your verdict must be for the defendant.

"(8) The law does not presume that the plaintiff Charles Akin did not have the intelligence or experience to understand the danger of bringing the cartridge in contact with an electric battery, and unless the record shows that he did not have intelligence enough to appreciate the danger, contributory negligence, if shown by the evidence, is a defense and your verdict must be for the defendant."

It is conceded that the instructions of the court fairly stated the law, but it is claimed that they were not definite enough, and were so general in their nature that the jury were unaided by such instructions. It will, of course, be conceded that it is the established law of this jurisdiction that error cannot be based upon the refusal of the court to couch its instructions in any particular language. An examination of the instructions given by the court convinces us that the jury were properly and clearly instructed on the law governing the case.

The court, among other things, instructed the jury as follows:

"So far as this defense which is interposed by the defendant company in which they allege that the boy was guilty of contributory negligence, the burden is upon the defendant company in order to establish that defense to prove by a fair preponderance of the evidence to the satisfaction of the jury that the boy was guilty of contributory negligence. If you should find by a preponderance of the evidence in the case that the defendant company was guilty of negligence in the particulars in issue here, and as the result of that negligence proximately and directly the plaintiff was injured, it would

then be necessary for you to further inquire as. to whether or not the defendant company has shown by a fair preponderance of the evidence that the boy was guilty of contributory negligence. If you should find by such preponderance of the testimony of Charles Akin, the plaintiff was guilty of contributory negligence, and that that contributory negligence directly and proximately contributed to this injury, then you should find for the defendant. In determining the question whether or not Charles Akin was guilty of contributory negligence to such an extent as to directly and proximately and materially contribute to the injury which he suffered, it is the duty of the jury to take into consideration the boy's age and all of the circumstances surrounding him, his experience or lack of experience, his knowledge or lack of knowledge, the amount of prudence and care and judgment which would ordinarily and reasonably be expected of a boy of that age under the circumstances and conditions shown by the testimony in this case. That is the rule by which the question of whether or not he is guilty of contributory negligence is to be measured by the jury. You should not apply to the plaintiff in the case the same rules you would apply to a grown man. You should make allowances for his youth and in attempting to determine the question of his contributory negligence or the lack of it, inquire whether or not he exercised such care as would reasonably and ordinarily be expected of a boy of his age and intelligence and experience under like circumstances and conditions."

Counsel objects to this instruction for the reason that it fails to define contributory negligence. The law does not require courts to define ordinary words and phrases. An intelligent juror understands what they mean, and an attempt to define words of an ordinarily accepted meaning tends to mystify rather than enlighten. A plain definition of contributory negligence is such negligence on the part of plaintiff as helped to produce the injury complained of. This, in effect, the court told to the jury in the instruction above set forth—stated, it is true, in another form—when it was said:

"If you find by such preponderance of the testimony that the plaintiff was guilty of contributory negligence, and that

contributory negligence directly and proximately contributed to this injury, then you should find for the defendant."

And the court, in accordance with the former decision in this case, proceeded to instruct the jury that, in determining the question of contributory negligence on the part of the boy, it was their duty to take all the circumstances surrounding him, viz., his experience or lack of experience, his knowledge or lack of knowledge, into consideration.

It is also contended that the court did not tell the jury what degree of knowledge the boy must possess in order to make him responsible for his own acts. This would be impossible for the court to do. There is no particular degree of intelligence that can be stated as an abstract proposition. The court did all that it could do in this regard when it stated to the jury that they should take into consideration the amount of prudence and care and judgment which would ordinarily and reasonably be expected from a boy of that age, under the circumstances and conditions shown by the testimony in this case. The instructions 1, 2, and 3, offered by the appellant, so far as they stated the law, were substantially embraced in the instructions given by the court.

There being no error in the trial of the cause, the judgment is affirmed.

Rudkin, C. J., Crow, Chadwick, and Fullerton, JJ., concur.