[No. 9570.  Department One.  August 16, 1911.]

SYLVESTER TIBBITS, *by C. G. Tibbits, as Guardian Ad Litem, Appellant,* v. THE CITY OF SPOKANE, *Respondent.*

ELMER TIBBITS, *by C. G. Tibbits, as Guardian Ad Litem, Appellant,* v. THE CITY OF SPOKANE, *Respondent.*

MARCUS FITZGERALD, *by W. J. Fitzgerald, as Guardian Ad Litem, Appellant,* v. THE CITY OF SPOKANE, *Respondent.*[1]

TRIAL—INSTRUCTIONS—STATEMENT OF FACTS. An instruction concisely informing the jury of the issues is not erroneous in failing to state the case or in failing to state the admitted facts, even though the pleadings were taken to the jury room.

EXPLOSIVES—NEGLIGENCE—PERSONAL INJURIES—INSTRUCTIONS. In an action for negligence in leaving dynamite caps and fuse where small boys could obtain them, an instruction correctly defining the degree of care required is not objectionable as presenting no issue of fact, nor because it leaves the jury to determine whether the caps and fuse were attractive to children of tender years.

NEGLIGENCE—EXPLOSION—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—CHILDREN—QUESTION FOR JURY. In an action for negligence in leaving dynamite caps and fuse where they could be secured by boys aged from nine to thirteen years, the boys are not, as a matter of law, incapable of contributory negligence, but the question is one for the jury.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 2, 1910, upon the verdict of a jury rendered in favor of the defendant, in consolidated actions for personal injuries sustained by minors through the explosion of a dynamite cap.  Affirmed.

*W. H. Plummer* and *Latimer & Jones,* for appellants.

*Alfred M. Craven* and *Irving R. Davis,* for respondent.

MOUNT, J.—These three actions were brought separately to recover damages for personal injuries.  They arose out of

¹Reported in 116 Pac. 397.

the same accident, and depend upon the same state of facts. After the issues were made up, the causes were consolidated and tried as one case to the court and a jury. Verdict was returned in favor of the defendant. The plaintiffs have appealed.

It appears that the city of Spokane, in June, 1909, was constructing some water mains within the city, and was making excavations for such mains. In making these excavations, blasting was necessary, and certain caps and fuses were used by the employees of the city. The boys, who were between nine and thirteen years of age, secured one of these fuses, to which a cap was attached, and they took it home, and in attempting to burn the covering from the wire fuse, they exploded the cap attached thereto and were injured. It was alleged that the employees of the city were negligent in leaving the fuse and cap where the boys procured it. The defendant denied that the city or its employees were negligent, but admitted that the boys took and carried away certain fuses. So that the real issue, and substantially the only one, in the case was whether the city or its servants were negligent in the use and care of the fuses and caps.

The boys testified that they found the unused fuse and cap lying under a tree, away from where the men were at work. The evidence of the city tended to show that the fuses and caps were kept locked up and securely put away when they were not being used; but while being used or prepared for use, that the employees were watching them at all times, and that the boys were warned of the danger, and told to keep away upon different occasions. The inference was, and the jury no doubt found, that the boys had stolen the cap and fuse without the knowledge of the employees of the city, and with notice of the dangerous character of the fuse and cap.

The only errors assigned go to the instructions of the court to the jury. Appellants argue, (1) that the court, in stating the issues, did not accurately state the case to the jury; and (2) that the court erred in stating that it was in-

cumbent upon the plaintiff to establish the allegations of the
camplaint by a preponderance of the evidence, without call-
ing the attention of the jury to the admitted facts.   There is
no merit in these assignments; for the court told the jury that
"each of the cases is based upon an allegation of negligence
on the part of the servants of the defendant city in permit-
ting these dynamite caps and other dangerous explosives to
lie around on the ground where they could be found by chil-
dren."   "The answer of the defendant in each of the cases
denies any and all negligence."   And then the court, in in-
struction number 1, said:

"The burden is upon the plaintiff to establish the allega-
tions of the complaint by the preponderance of the evidence,
by which is meant the greater convincing weight of the evi-
dence.   Likewise in each of the cases the burden is upon the
city to establish its affirmative defense; namely, that the boys
themselves were negligent . . ."

The court thereby simply and concisely informed the jury
of the issues in the case.   But appellants argue that, in view
of the fact that the jury took the pleadings to their room,
they would be misled as to the admitted facts.   We cannot
assume that such result would follow.   The issue was direct
and simple, and in view of the clear statement by the court,
it was not necessary for the jury to read the pleadings.   But
if they did so, we must give them credit for understanding
sufficient to comprehend the issues there stated.

In its instruction number 2, the court told the jury that it
was

"the duty of the defendant and its servants to exercise a
high degree of care to prevent any one, particularly boys of
tender years, from finding or getting the possession of such
explosives, and particularly so if such explosive appliances
were of such a character as to be attractive to boys and to
excite their curiosity and cause them to examine, handle, and
investigate such explosives."

It is said this instruction is inaccurate, because it presents
no issue of fact, and that the explosives, as a matter of law,

were attractive to boys of immature years. This instruction is not subject to the first criticism. It defined the care necessary to be exercised by defendant, and that was all the court intended for it. We think it properly left the jury to say whether these explosives were attractive to children. The instruction assumed that they were dangerous. Whether they were attractive depended upon facts which the jury must determine.

Appellants argue that the court erred in giving the following instructions:

"Any person who handles dangerous explosives must exercise reasonable care for his own safety, whether he be of mature or immature years. But clearly what would be reasonable care in a man of experience and mature years would not be such in a boy of inexperience and immature years, and it is for you to say whether or not these boys did exercise reasonable care for their own safety in handling this explosive, considering their age, their experience with and their knowledge of such explosives. Also whether they had had any notice or warning of the dangerous character of such explosives, the character of such explosive, whether it would have a tendency to excite the curiosity of boys, and any and all other circumstances shown by the evidence to exist and which would have a bearing upon the question."

"Now, if considering all these things, you should find that the boys at the time in question did not exercise reasonable care for their own safety and that their injuries resulted from their own negligence, then the plaintiffs could not recover and your verdict would be for the defendant, even though the defendant's servants were also negligent in the premises. But on the other hand, if you find that the boys were in the exercise of reasonable care for their own safety and that they were injured because of the defendant's servants, then the defendant would be liable and your verdict should be for the plaintiffs."

The contention is that the court should have instructed the jury that these boys were incapable of contributory negligence as a matter of law, because they were under the age of fourteen years. But this is not the rule in this state.

*Roberts v. Spokane St. R. Co.*, 23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184; *Boyer v. Northern Pac. Coal Co.*, 27 Wash. 707, 68 Pac. 348. In the last-mentioned case, in discussing the question of the understanding of minors, we said:

"There can be no fixed period when the minor may be held, as a matter of law, to appreciate danger which may surround him. His appreciation of danger would depend more upon his intelligence and experience than upon his age. . . So that the question of age, when compared with natural intelligence and past experience, may have very little influence in determining the ability of a minor to appreciate danger. . . the question whether or not the minor appreciated the danger to which he was subjected is usually a question of fact for the jury, under proper instructions,—not a question of law for the court."

We think this is the correct rule, and that the instructions given were not erroneous.

Other instructions are criticized, but we do not find sufficient merit in the criticism to warrant further notice. We think the plaintiffs had a fair trial. Finding no error, the judgment is affirmed.

DUNBAR, C. J., FULLERTON, and GOSE, JJ., concur.