[No. 10210. Department One. September 6, 1912.]

FRANK MORRAN, *Respondent*, v. CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. An instruction briefly stating the issues and adding that defendant denies "other material" allegations, is not prejudicial in leaving the jury to determine what were the material allegations, where other instructions fully informed the jury as to what facts would sustain or defeat the recovery, and the jury had the pleadings for their guidance.

SAME. Instructions must be considered as a whole, and a case will not be reversed for failure to incorporate all points in a single instruction, if covered in the balance of the charge.

[1]Reported in 126 Pac. 73.

SAME. An instruction submitting an issue as to whether a scaffold was built under the direction of "defendant's foreman," is not objectionable as assuming that a certain employee was such foreman, where, by other instructions, the jury were told what facts would establish whether he was defendant's foreman or plaintiff's fellow servant.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 8, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective scaffold. Affirmed.

*George W. Korte* and *Hayden & Langhorne*, for appellant.
*Burkey, O'Brien & Burkey*, for respondent.

CROW, J.—Action by Frank Morran against Chicago, Milwaukee & Puget Sound Railway Company, a corporation, to recover damages for personal injuries. From a judgment in his favor, the defendant has appealed.

At the time of his injury, respondent, who was twenty-two years of age, had considerable experience as a carpenter in shop work and at bench work, but had not worked upon scaffolding. There was evidence tending to show that, for a short time prior to the date of his injury, he had been employed by appellant at carpenter work that did not require him to go upon any scaffolding; that on December 10, 1910, he was directed to assist in shingling the roof of a railroad bunkhouse or hotel which required the use of a scaffold; that appellant then had a scaffold which it had used upon the opposite side of the building; that respondent was ordered by one Newton to assist other employees in carrying the scaffold from one side of the building to the other and in putting it in place; that respondent told Newton he feared the scaffold would not be safe as supported; that Newton assured him it would; that respondent, being unfamiliar with scaffolding of that particular construction and relying on Newton's assurances, went to work, and that within a few minutes the

scaffold slipped and threw him to the ground, causing the injuries of which he complains.

Respondent alleged that Newton was appellant's foreman, whose orders he was required to obey. It is conceded that one Gugenmeyer was appellant's general foreman, but he was absent at the time of the accident, and respondent contended that in his absence Newton was authorized to act, and did act, as foreman. Appellant denied that Newton was its foreman, and one of the issues was whether he was appellant's foreman or respondent's fellow servant. The alleged negligence of appellant upon which respondent based his claim to damages was that appellant did not furnish him a safe or suitable scaffold upon which to work. Appellant pleaded the defenses of assumption of risk, negligence of fellow servants, and respondent's contributory negligence. It is unnecessary to give a detailed description of the scaffold. The evidence, without dispute, shows that respondent had nothing to do with the adoption of the plan upon which it was constructed, or the selection of the material used in its construction. He did participate in moving it from one portion of the building to another.

Appellant admits that the evidence was sufficient to make a case for the consideration of the jury. Its only assignments are predicated on the instructions, its first contention being that the trial judge did not specifically and fully state the material issues of the case. We find no merit in this contention. It seems to be predicated upon the fact that, after briefly stating the nature of the action, the trial judge in part said:

"Defendant company, in its answer to plaintiff's complaint, admits plaintiff received some injury at the time and place mentioned, but denies that said injury was due to any negligence on the part of defendant company, or its agents; (defendant also denies the other material allegations of plaintiff's complaint.)"

Appellant insists that, under this instruction, the jury had to determine what allegations of the complaint were material

or immaterial, and appellant's counsel in making their argument apparently assume that no other instruction explaining the issues was given. In this they are mistaken. Immediately after making the instructions quoted, the trial judge informed the jury that appellant had pleaded the defenses above mentioned, and further instructed them as follows:

"You are instructed that the burden of proof in this case is upon the plaintiff, and before he can recover on account of the alleged negligence on the part of the defendant, in having for use a weak, defective or unsafe scaffold, it is necessary for the plaintiff to prove by a fair preponderance of the evidence,

"First. That the scaffold was unsafe, weak or defective and that the accident happened as the result of such weakness, insufficiency or defect.

"Second. That the defendant had notice or knowledge of such weakness, insufficiency or defect, or that it might have had notice thereof by the exercise of ordinary care.

"Third. That the plaintiff did not know of such insufficiency or defect and that he had no means of knowledge thereof, equal to those of the defendant.

"Fourth. That he was, at the time of the accident, in the exercise of ordinary care.

"If the plaintiff fails to prove by a fair preponderance of the evidence any one of these four propositions, then it is your duty to find for the defendant, even though you find that the man Newton was the foreman and gave directions and assisted in constructing the scaffold in question."

In other instructions, the jury were charged as to what facts, if proven, would sustain or defeat a recovery by respondent. From the entire instructions, it is impossible to conceive that the jury could have been misled, or that they could have misunderstood the exact issues of the case. Moreover, they had the pleadings for their guidance. The issues were fairly and clearly stated. *Tibbitts v. Spokane,* 64 Wash. 570, 116 Pac. 397.

Appellant assigns error on the following instruction:

"You are instructed that if you find from the evidence that the plaintiff was employed by the defendant as a carpenter to assist in the shingling of a hotel of the defendant's at or

near Monckton, Washington, and if you find that it was reasonably necessary in order to perform the said work of shingling the said hotel building to have a scaffolding constructed along the said building for the use of the plaintiff and other employees of the defendant in doing said work, and that the defendant did furnish a scaffolding for the said purpose, and that the materials which were used in the construction of the same were determined by the defendant, and that the method or form of construction of the said scaffolding was determined by the defendant and the scaffolding was erected in conformity therewith, and that the work of erecting the said scaffolding was under the immediate supervision and control of the defendant's foreman, and that the defendant's foreman directed the work of constructing the said scaffolding, and if you further find from the evidence that the defendant failed to exercise reasonable care in furnishing a safe and sufficient scaffold for the use of the plaintiff and other employees of the defendant in the shingling of the said hotel building, or that the defendant furnished a scaffold for the use of the said plaintiff and other employees of the defendant in doing the said work that was different from the ordinary and usual scaffold constructed and used for the purpose and was constructed in an unusual manner, and that the same was not reasonably safe for the use of the plaintiff and other employees of the defendant in doing the said work of shingling the said hotel building, and that by reason thereof plaintiff, while in the exercise of ordinary care, and while acting as an ordinarily prudent person, and without fault or negligence on his part, and without knowledge on his part that the said scaffold was unsafe, was injured while engaged at the said work of shingling the said hotel building for the defendant, then your verdict should be for the plaintiff."

Complaining of this instruction and two others similar in form, appellant contends that they assume as true facts which were in issue and upon which the evidence was conflicting; that they are argumentative, misleading, and contradictory; that they collate respondent's evidence without the slightest reference to that produced by appellant; that they refer to Newton as appellant's foreman, assuming that he was employed to control and direct respondent's movements and

that he was such foreman.   Reading all instructions given, it becomes apparent that these contentions are devoid of merit.   We have repeatedly announced the rule that the entire body of the instructions must be considered.   All points of law involved in the ordinary case cannot be incorporated in a single instruction; hence, it will be sufficient if they are covered by the instructions as a whole.   The trial court did not assume, nor did he state, that Newton was appellant's foreman.   On the contrary he, by other instructions, submitted that issue to the jury in clear and concise language.   He also told them what facts would have to be proven to warrant a finding that respondent and Newton were fellow servants, and what facts would have to be proven to sustain respondent's contention that Newton was appellant's foreman.   No exceptions are now urged to the instructions thus given.   The record shows that the jury were correctly instructed upon every principle of law applicable to appellant's, as well as respondent's, theory of the case, and that no prejudicial error was committed.

The judgment is affirmed.

PARKER and GOSE, JJ., concur.