[No. 17192. Department Two. July 26, 1922.]

M. E. BLAIR, *Respondent,* v. F. H. KILBOURNE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (383, 384)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE. Although a boy nine years old was guilty of contributory negligence in playing in a street intersection, the driver of an automobile will be liable on the doctrine of last clear chance, where he saw the boy and at first tried to drive around him, and applied his brakes when he saw he could not do this, and there was sufficient evidence that he did not use proper precautions after the danger became apparent.

DEATH (37)—DAMAGES—EXCESSIVE VERDICT. A recovery of $5,000 for the death of a son nine years of age will be reduced to $2,500, where there was not sufficient evidence of the value of his services to justify the verdict.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 28, 1921, upon the verdict of a jury rendered in favor of the plaintiff for $5,000, for wrongful death. Reversed unless $2,500 is remitted.

*Shank, Belt & Fairbrook,* for appellant.

*Tom S. Patterson, James M. Gephart,* and *Hiram S. Patterson,* for respondent.

[1]Reported in 207 Pac. 953.

HOVEY, J.—The nine year old son of the respondent was struck by an automobile owned and driven by appellant and received injuries from which he died in a few hours. Respondent sued for loss of services under § 184, Rem. Compiled Stat., and recovered a judgment for $5,000.

Appellant was driving with his wife in a Cadillac enclosed car on the afternoon of a clear day on a paved street in the city of Seattle, known as Greenlake Boulevard. Sixty-fifth street enters this street from one side and the lake lies on the other. The boy was flying a kite during school recess and ran into the intersection from Sixty-fifth street. He did not observe the car and continued to cross the street, keeping his attention at all times upon the kite, and was struck by the car without ever having seen it. He had been cautioned by his father not to play in the street and of the danger from automobiles. The car slid a distance of over twenty-seven feet after the application of the brakes, and, in the opinion of an expert familiar with the type of car, it was going at the rate of thirty-five miles per hour. The only eyewitness of the entire train of events was the conductor on an approaching street car. Both his testimony and that of the appellant and his wife placed the speed of the automobile at twenty miles per hour or under, and the testimony of appellant is that he first tried to drive around the boy, and when he saw that he could not do this, he applied his brakes and stopped as quickly as possible. Shortly after the accident, appellant made a statement to the police department in several respects varying from his testimony upon the stand.

Appellant's chief ground for reversal is the contributory negligence of the deceased, and he contends that, as a matter of law, his motion for a nonsuit or for a directed verdict should have been granted. We

believe the boy was guilty of contributory negligence, under the undisputed testimony, and that he was of sufficient age to realize the danger of running into a main thoroughfare frequented by automobiles. But, on the other hand, appellant would not be justified in assuming that a child could be depended upon to exercise the same degree of care for his own safety as an adult, and when appellant observed the possibility of danger, more caution was called for than would ordinarily be necessary. It is true, appellant claims the accident was unavoidable on his part, but under the testimony the jury were justified in adopting the doctrine of last clear chance in accordance with the instructions given them by the court, as we consider that there was sufficient evidence from which they might have found that the appellant did not use proper precautions after the danger to the boy became apparent.

Errors are predicated upon instructions, but so far as they are not covered by what we have said, we do not think them of moment when the instructions are considered as a whole.

Error is predicated upon the amount of recovery. The evidence showed that the boy was a healthy child of average intelligence, and that the father was an employee in the United States custom service. This made a case for recovery (*Atrops v. Costello,* 8 Wash. 149, 35 Pac. 620), but, in our opinion, there is not sufficient showing of the value of the boy's services to justify the amount of recovery in this action.

The judgment is reversed, with directions to grant a new trial unless the respondent is willing to accept the sum of $2,500, together with costs of the action in the trial court, neither party to recover costs here.

PARKER, C. J., MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.