[No. 18250.  Department One.  January 18, 1924.]

A. W. MADDUX, *Respondent*, v. A. G. GRAY, *Appellant.*
THURLOW MADDUX, *by his Guardian ad Litem* A. W.
MADDUX, *Respondent*, v. A. G. GRAY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (383)—USE OF STREETS—CONTRIBUTORY
NEGLIGENCE—EVIDENCE—SUFFICIENCY. A boy twelve years of age,
accustomed to the use of the streets and well advised as to the
dangers of traffic, is guilty of contributory negligence, as a matter
of law, in starting diagonally across a bridge where pedestrians had
no right of way, immediately in front of an automobile which he
previously knew was approaching, without looking or without pay-
ing any attention to what he saw.

Appeal from judgments of the superior court for
Spokane county, Huneke, J., entered March 26, 1923,
upon verdicts of a jury rendered in favor of the plain-
tiff, in consolidated actions in tort.  Reversed.

*Randall & Danskin,* for appellant.
*Munter & Munter,* for respondents.

TOLMAN, J.—Two actions are here involved, one by
respondent A. W. Maddux to recover for medical ex-
penses and loss of service of his minor son, growing
out of personal injuries sustained by being struck by
appellant's automobile, and the other by A. W. Maddux,
as guardian *ad litem* for the son, to recover for per-
sonal injuries so received.  By stipulation the cases
were consolidated for trial, and judgments were
entered on the several verdicts of the jury; in the first
mentioned case for $1,581.20, and in the last mentioned
for $1,500.  The defendant has appealed from both
judgments.

At the time of the accident, the boy, Thurlow, lacked
four days of being twelve years of age; was in the third

[1]Reported in 222 Pac. 470.

grade at school; had for a considerable time sold papers on the streets of Spokane; was permitted to frequent the streets alone in the evening as well as in the daytime, and apparently was as well advised as to the dangers of getting in the way of traffic and how to avoid such dangers as a boy of his years could be expected to be. At the time in question, the boy had ridden a bicycle across the Monroe street bridge spanning the Spokane river from south to north, proceeding beyond the north end of the bridge to the first street intersection, where he turned about, crossed over to the west side of the street to bring himself in line with the south-bound traffic, and started back across the bridge towards the south. Arriving at a point about midway across the bridge he stopped, leaned his bicycle up against the curb on the outer edge of the driveway, and started diagonally across the bridge on foot at a place where there was no cross-walk, and where ordinarily no such attempted crossing was to be expected. At the time of turning about north of the bridge, he observed headlights of automobiles coming down the hill toward the bridge from the north, and must have known that, as he proceeded southward upon the bridge, there were automobiles immediately following him. Under these conditions he says that, as he started to walk across the bridge, he looked in each direction for approaching traffic, saw none, and proceeded as he usually walked, being struck somewhat from the rear because of his diagonal course, by appellant's automobile traveling at about twelve miles per hour, before he reached the west rail of the west street car track, which is some seventeen feet east of the curb line where the bicycle was left standing. It was evening and raining lightly, but the bridge was well lighted throughout, and there is no contention whatever that there was any

physical reason why the boy should not have seen the approaching automobile.

There might have been some slight evidence to go to the jury on the question of appellant's negligence, but we can see no question for the jury as to the boy's contributory negligence. Taking his own evidence and giving it the construction most favorable to him, he started across the driveway immediately in front of an approaching automobile, which he had previously known was approaching, at a place where he knew pedestrians did not have the right of way, and while he says he looked and saw no car, yet all reasonable minds must agree that either he did not look or he paid no attention to what he inevitably saw. Apparently the trial court left this question to the jury because of the boy's tender years; but he was practically the same age as that of the boy whose actions were discussed in *Olson v. Payne,* 116 Wash. 381, 199 Pac. 757, and we think as well advised as to the dangers of the situation. The more recent case of *Blair v. Kilbourne,* 121 Wash. 93, 207 Pac. 953, while turning upon another point, discusses contributory negligence of a child of nine years of age, and strengthens the view we have already expressed.

The question of contributory negligence was properly raised by a motion for an instructed verdict, and a motion for judgment n. o. v., one of which should have been granted.

The judgments appealed from are reversed with instructions to dismiss both actions.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.