[No. 27329. Department Two. February 9, 1939.]

KEITH BURGET, *a Minor, by Marion Burget, his Guardian ad Litem, Respondent,* v. SAGINAW LOGGING COMPANY *et al., Appellants.*[1]

*Shank, Belt, Rode & Cook* and *Leo J. Brand,* for appellants.

*Hogan & Adams,* for respondent.

[1]Reported in 86 P. (2d) 1117.

SIMPSON, J.—This action was instituted by a minor, through his guardian *ad litem*, to recover damages for personal injuries sustained by him, resulting from a collision between a bicycle upon which he was riding and an automobile driven by defendant Talley.

The amended complaint alleged that the plaintiff was a minor eight years of age; that the defendant C. C. Talley was an employee of the defendant Saginaw Logging Company, and at the time of the accident was acting within the scope of his employment; and that, on May 4, 1937, near Vesta, Washington, plaintiff was riding a bicycle upon the graveled highway in the neighborhood, at which time and place defendant C. C. Talley drove his car approximately sixty miles per hour around a curve in the road and negligently collided with the plaintiff; that, at the time of the impact, defendant Talley was under the influence of intoxicating liquor. Further allegations were to the effect that the plaintiff was badly injured.

Defendants answered, denying the material allegations of the complaint, and affirmatively pleaded contributory negligence on the part of the minor.

This case involved the same accident which was the subject of our decision in *Burget v. Saginaw Logging Co.,* 197 Wash. 318, 85 P. (2d) 271.

At the conclusion of plaintiff's case, the defendants challenged the sufficiency of the evidence to sustain any verdict or judgment against the defendants and moved for an order dismissing the case, on the ground that there was a total failure of proof of any actionable negligence on the part of defendant Talley, and the evidence showed plaintiff to be guilty of such contributory negligence as, in law, barred recovery.

The jury returned a verdict for plaintiff, and motions for judgment n. o. v. and for a new trial were denied.

Judgment was entered upon the verdict, and defendants have appealed.

The facts are stated in *Burget v. Saginaw Logging Co., supra,* and it is only necessary to add that the evidence showed respondent was eight and one-half years old, and had considerable experience in riding a bicycle on and along the road where the accident occurred; that he had a prior accident near the scene of the present one; and his father had carefully instructed him concerning his duties and the care he should exercise while riding upon the highway.

The only errors urged in this case are the giving of one instruction in regard to whether respondent was capable of and guilty of contributory negligence, and the denial of appellants' challenge to the sufficiency of the evidence.

█ The particular part of the instruction objected to is that which submitted to the jury the question of whether respondent Keith Burget "was capable of contributory negligence." Appellants contend that question was not one for the jury, but that the court should have determined as a matter of law that respondent Keith Burget was capable of being negligent.

No inflexible rule can be laid down by which we can determine the capacity of children for observing and avoiding danger. In determining whether a minor child is capable of contributory negligence and is guilty of negligence, we must consider the capacity, intelligence, knowledge, experience, and discretion of the child, and his ability to remember instructions given to him and all of the attendant circumstances surrounding the accident.

60 C. J. 636, § 505, announces the following rule, which is applicable to the facts present in this case:

"It is for the jury, in an action against a street railroad company, to determine whether a child or a per-

son laboring under a physical or mental disability, injured by the operation of a street car, was exercising due care for his own safety, or was guilty of contributory negligence, under the circumstances existing at the time and place of the accident, and in view of his age, intelligence, and ability, unless the evidence clearly shows that he acted in disregard of the degree of prudence reasonably to be expected of one of his years, experience, and capacity, or unless there is no evidence of contributory negligence, in which case the question should not be submitted to the jury. Thus it is ordinarily a question for the jury whether, in the particular case, such child or other person was capable of exercising judgment and discretion for his own protection, or was negligent in being on or near the track, or in crossing or attempting to cross the track or the street in which it was laid, or with regard to looking or listening for an approaching car."

Statements to the same effect are contained in 2 Blashfield's Cyclopedia of Automobile Law and Practice (Perm. ed.), 562, § 1521, and Harper, Law of Torts, 310, § 141.

■ In *Wickman v. Lundy*, 120 Wash. 69, 206 Pac. 842, this court said:

"It is further claimed the case should have been taken from the jury because the testimony shows, as a matter of law, that the boy was guilty of negligence which materially contributed to his injury. In cases where children are involved, the question of contributory negligence is often close and difficult of decision. What would be negligence in a person of mature age and judgment might not be such in a child of immature judgment. Certainly cases have arisen and will arise where the court, taking into consideration the age of the child, the character of his mind and all the surrounding circumstances, can say, as a matter of law, that there can be no recovery because of contributory negligence. No fixed rules of law or conduct can be laid down. Each case must rest on its own peculiar facts.

The court can do nothing more than exercise its knowledge of the natural traits of the child mind—its innate impulsiveness and lack of caution, its ability to measure the risks involved."

Whether or not respondent possessed sufficient maturity of judgment to appreciate his position at the time of the accident, is an issue upon which reasonable men might differ. The question was, therefore, properly submitted to the jury.

We find it unnecessary to discuss in the present case the question of appellant Talley's negligence, further than to say we adhere to our holding in the case of *Burget v. Saginaw Logging Co., supra,* in which we sustained a verdict that found appellants negligent.

Finding no reversible error, we affirm the judgment.

BLAKE, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.