[No. 36706.   Department Two.   November 14, 1963.]

MARCUS LLOYD GRAVING, *Appellant*, v. FREDERICK DORN, *Respondent*.*

*Foster & Foster*, by *Donald J. Horowitz*, for appellant.

*Pebbles, Swanson & Lindskog*, for respondent.

HAMILTON, J.—Plaintiff, a 13-year-old boy, was injured by a falling tree. Through his guardian ad litem, he initiated suit alleging negligent conduct upon the part of defendant as the cause of his injuries. Defendant denied negligence, and affirmatively alleged contributory negligence upon the part of the minor plaintiff. From an adverse jury verdict and judgment plaintiff appeals.

The appeal is upon a short record. We have before us only the pleadings, the trial court's instructions, the parties'

*Reported in 386 P. (2d) 621.

proposed instructions, their exceptions to the instructions given and refused, and the judgment upon the verdict. No question is raised, by either party, as to the sufficiency of the evidence to warrant or support a jury finding of negligence on the part of the defendant or contributory negligence on the part of the minor plaintiff. Defendant, in effect, concedes that if there be merit in plaintiff's assignments of error plaintiff is entitled to a new trial.

Plaintiff makes two assignments of error. By his first, he contends the trial court erred in refusing to give a proposed instruction, which reads:

"You are instructed with respect to the defendant's allegation that Marcus Graving was contributorily negligent, that the law of the State of Washington is that there is a prima facie presumption that a minor child from the age of 6 to the age of 14 cannot be contributorily negligent, but that such presumption may be rebutted by evidence of unusual natural capacity, physical condition, training, habits, experience, surroundings and the like."

The premise of plaintiff's claim of error is his assertion that this court has recognized and applied the doctrine that children between the ages of 6 and 14 years are prima facie presumed to be incapable of contributory negligence, and that such presumption should be submitted to the jury. We disagree for two reasons.

First, this court has never specifically adopted such a presumption, although we have recognized its existence in other jurisdictions.

Considerable judicial writing has been expended upon the subject of an infant's capacity for contributory negligence, and presumptions revolving about the question. See annotations in 107 A.L.R. 4; 174 A.L.R. 1080; 77 A.L.R. (2d) 917.[1] Three interrelated facets of the problem usually present themselves: (a) The infant's capacity, (b) the applicable standard of care, and (c) the infant's compliance

[1]For text treatment of the subject see 1 Shearman and Redfield on Negligence (Rev. ed.) §§ 89, 92, 93, 94; 2 Harper & James, Law of Torts (1956) § 16.8; Prosser on Torts (2d ed.) § 31, p. 127; Restatement, Torts §§ 283, 464; 65 C.J.S., Negligence § 218; 38 Am. Jur., Negligence §§ 204, 205.

or lack of compliance with the standard of care. We are here concerned only with the first facet, and that only as it relates to children between the ages of 6 and 14. As might be expected, complete judicial harmony does not prevail in this area. With some variations, the authorities generally divide into three categories.

Some jurisdictions hold that, regardless of presumptions, the capacity of an infant to be contributorially negligent ordinarily presents a question of fact depending, for its determination in each case, upon the age, experience, maturity, capacity, education, training and experience of the child. This is sometimes referred to as the Massachusetts rule. Other courts hold there is a conclusive presumption of incapacity up to certain ages, usually from 3 to 7 years, a rebuttable presumption of incapacity up to 14 years, and a rebuttable presumption of capacity from 14 years upwards. This is occasionally referred to as the Illinois rule. Others have adopted that which might be characterized as a modified rule, and recognize a conclusive presumption of incapacity in the tender years, usually from 3 to 7, with capacity thereafter ordinarily becoming a question of fact, depending, as in the so-called Massachusetts rule, upon the age, maturity, experience, etc., of the child.

A review of some forty decisions of this court,[2]

[2]*Oregon R. & Nav. Co. v. Egley*, 2 Wash. 409, 26 Pac. 973 (9½-year-old); *Mitchell v. Tacoma R. & Motor Co.*, 9 Wash. 120, 37 Pac. 341 (8-year-old); *Lorence v. Ellensburgh*, 13 Wash. 341, 43 Pac. 20 (8-year-old); *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641, 44 Pac. 253 (9-year-old); *Steele v. Northern Pac. R. Co.*, 21 Wash. 287, 57 Pac. 820 (14-year-old); *Roberts v. Spokane Street R. Co.*, 23 Wash. 325, 63 Pac. 506 (10 to 11-year-old); *Boyer v. Northern Pac. Coal Co.*, 27 Wash. 707, 68 Pac. 348 (14-year-old); *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64 (under 5); *Akin v. Bradley Engineering & Mach. Co.*, 48 Wash. 97, 92 Pac. 903 (11-year-old); *Akin v. Bradley Engineering & Mach. Co.*, 51 Wash. 658, 99 Pac. 1038 (11-year-old); *Olson v. Gill Home Inv. Co.*, 58 Wash. 151, 108 Pac. 140 (13-year-old); *Tecker v. Seattle, Renton & Southern R. Co.*, 60 Wash. 570, 111 Pac. 791 (6-year-old); *Williams v. Northern Pac. R. Co.*, 63 Wash. 57, 114 Pac. 888 (14-year-old); *Tibbits v. Spokane*, 64 Wash. 570, 117 Pac. 397 (9 to 13-year-old); *Gregg v. King Cy.*, 80 Wash. 196, 141 Pac. 340 (6-year-old); *Davis v. Wenatchee*, 86 Wash. 13, 149 Pac. 337 (11-year-old); *Barton v. Van Gesen*, 91 Wash.

wherein the question of contributory negligence of a child was involved, and in some measure discussed, convinces us we have been an adherent of the modified approach.

In *Cox v. Hugo*, 52 Wn. (2d) 815, 329 P. (2d) 467, we held that a child under six could not be contributorially negligent. In so holding, we stated (p. 818):

"We are not persuaded that we should abandon the rule approved in *Von Saxe v. Barnett* (1923), 125 Wash. 639, 217 Pac. 62, that in cases of injury to children between five and six years (and, of course, under five) there is a conclusive presumption that they could not be contributorially negligent.

"Judge Holcomb, in that case, indicated that the authorities justified a three-way division: (a) under six years of age a conclusive presumption that a child was incapable of contributory negligence; (b) six to perhaps fourteen, a *prima facie* presumption, which could be rebutted by evidence of unusual natural capacity, physical condition, training, habits, experience, surroundings, and the like; (c) over fourteen, the burden should be on the infant to show want of capacity, if that was in issue.

"We decide nothing here, except that under six there is a conclusive presumption that a child cannot be contributorially negligent."

94, 157 Pac. 215 (10-year-old); *Jorgenson v. Crane*, 92 Wash. 642, 159 Pac. 796 (6-year-old); *Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684 (12-year-old); *Olson v. Payne*, 116 Wash. 381, 199 Pac. 757 (12-year-old); *Wickman v. Lundy*, 120 Wash. 69, 206 Pac. 842 (11-year-old); *Blair v. Kilbourne*, 121 Wash. 93, 207 Pac. 953 (9-year-old); *Von Saxe v. Barnett*, 125 Wash. 639, 217 Pac. 62 (5-year-old); *Shutz v. Edgerton*, 126 Wash. 128, 217 Pac. 707 (13-year-old); *Masterson v. McGoldrick Lbr. Co.*, 128 Wash. 1, 221 Pac. 990 (13-year-old); *Maddux v. Gray*, 128 Wash. 149, 222 Pac. 470 (12-year-old); *Pritchard v. Hockett*, 140 Wash. 499, 249 Pac. 989 (8-year-old); *Boggess v. King Cy.*, 150 Wash. 578, 274 Pac. 188 (11-year-old); *Hanson v. Washington Water Power Co.*, 165 Wash. 497, 5 P. (2d) 1025 (10-year-old); *Ball v. Pacific Coast R. Co.*, 182 Wash. 221, 46 P. (2d) 391 (7-year-old); *Armstrong v. Spokane United Rys.*, 194 Wash. 353, 78 P. (2d) 176 (6-year-old); *Kellum v. Rounds*, 195 Wash. 518, 81 P. (2d) 783 (14-year-old); *Burget v. Saginaw Logging Co.*, 198 Wash. 61, 86 P. (2d) 1117 (8-year-old); *Colwell v. Nygaard*, 8 Wn. (2d) 462, 112 P. (2d) 838 (18-year-old); *Hinckel v. Steigers*, 30 Wn. (2d) 171, 191 P. (2d) 279 (11-year-old); *Neff v. Bruno Studios, Inc.*, 31 Wn. (2d) 309, 196 P. (2d) 845 (10 to 11-year-old); *Berry v. Howe*, 34 Wn. (2d) 403, 208 P. (2d) 1174 (11-year-old); *Berry v. Howe*, 39 Wn. (2d) 235, 235 P. (2d) 170 (11-year-old); *Cox v. Hugo*, 52 Wn. (2d) 815, 329 P. (2d) 467 (6-year-old).

Analysis of *Von Saxe v. Barnett*, 125 Wash. 639, 217 Pac. 62, indicates that it holds only, as indicated in the *Cox* case, that there exists a conclusive presumption that a child under six cannot be contributorially negligent. It is not authority for the proposition that there is adopted in this state a prima facie presumption of incapacity between the ages of 6 and 14 years. In fact, Judge Holcomb, in the *Von Saxe* case stated (pp. 642, 644):

"We have several times held, in cases involving children of from seven to fourteen years, that the question of the capacity of such child was a question of fact and not of law, since the presumption of incapability did not attach at such ages. *Mitchell v. Tacoma R. & Motor Co.*, 9 Wash. 120, 37 Pac. 341 (child of eight years and four months); *Roberts v. Spokane Street R. Co.*, 23 Wash. 325, 63 Pac. 506, 54 L. R. A. 184 (boy of ten years and nine months); *Boyer v. Northern Pac. Coal Co.*, 27 Wash. 707, 68 Pac. 348 (boy of thirteen years and seven months of age, on the question of the assumption of risk). . . .

" . . .

"The courts of most of the states have not recognized the doctrine of *prima facie* presumption of capacity [incapacity] on the part of a child to contribute negligently to an injury as continuing beyond the age of seven or eight years, and in some cases they distinctly repudiated the proposition that such incapacity should continue to the age of fourteen years. *That is the state of the law in this state under the cases cited.*" (Italics ours.)

That we have not deviated from Judge Holcomb's interpretation of the state of the law at the time of the *Von Saxe* decision, is borne out by our statement in *Burget v. Saginaw Logging Co.*, 198 Wash. 61, 86 P. (2d) 1117, when, in considering the question of contributory negligence on the part of an 8-year-old child, we stated (p. 63):

"No inflexible rule can be laid down by which we can determine the capacity of children for observing and avoiding danger. In determining whether a minor child is capable of contributory negligence and is guilty of negligence, we must consider the capacity, intelligence, knowledge, experience, and discretion of the child, and his ability to remember instructions given to him and all of the attendant circumstances surrounding the accident."

And, again, in *Berry v. Howe*, 39 Wn. (2d) 235, 235 P. (2d) 170, concerning the issue of contributory negligence as related to an 11-year-old child, we said (p. 238):

"As to the appellant's contributory negligence, our chief difficulty concerns the age of the appellant. Were he an adult, his contributory negligence would be scarcely debatable. On the other hand, a boy of appellant's age and experience presents a question of fact as to his capacity for contributory negligence. . . ."

Our review of the subject in relation to this case satisfies us that we have not heretofore adopted, and should not now adopt, a rebuttable presumption of incapacity on the part of infants 6 to 14 years old to be contributorially negligent.

Second, assuming arguendo the recognition of such a presumption, we cannot agree with plaintiff that it should be submitted to the jury, particularly where the jury is otherwise properly instructed upon the burden of proof as it relates to contributory negligence and the standard of care applicable to children.

Without journeying into the quicksands of discussion surrounding the classification and functioning of presumptions,[3] suffice it to say we are not persuaded any logical reason exists for differentiating between the instructional treatment accorded the presumption of due care in wrongful death actions and the presumption here urged by plaintiff. Both presumptions operate against the party having the burden of proving contributory negligence. Neither presumption is a particularly forceful one; in fact, the presumption of incapacity on the part of an infant, beyond the tender years, progressively diminishes in force as the child grows older. Both presumptions give the plaintiff the benefit of two presumptions. Abolishing the presumption of due care in wrongful death actions, in *Hutton v. Martin*, 41 Wn. (2d) 780, 790, 252 P. (2d) 581, we said:

". . . With an instruction that contributory negligence is never presumed (which was given in this case),

[3]Wiehl, Instructing a Jury, 36 Wash. L. Rev. 378.

there is no need to resort to a presumption that the deceased was exercising due care at the time of the accident. The rule that no person is presumed to have been negligent until the party having the burden of proof establishes that fact by a preponderance of the evidence furnishes adequate protection to a deceased person as well as to a living person."

The rationale is applicable here.

The trial court did not err in rejecting the proposed instruction. Parenthetically, it should be noted that the trial court adequately instructed the jury as to the criteria to be utilized in determining plaintiff's capacity and his compliance with the standard of care required of him as a 13-year-old child.

■ By his second assignment of error, plaintiff challenges the propriety of an instruction given by the trial court, the purport of which was that the minor plaintiff was required to exercise his intelligence and faculties for his own protection, failing in which he would be adjudged contributorially negligent if such failure contributed to causing the accident. Plaintiff asserts this instruction partakes of a formula instruction and omits the standard of care applicable to infants. We disagree.

The jury was instructed as to the standard of care required of plaintiff in instructions immediately preceding the challenged instruction. The jury was also specifically advised that the instructions were to be understood and interpreted with reference to one another. The evils attributed by plaintiff to this instruction are not present to the degree necessary to brand it as prejudicial.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.