[No. 13034. Department One. May 6, 1916.]

CELIEVE BARTON, *an infant, by his Guardian Ad Litem etc.*, *Appellant*, v. J. H. VAN GESEN, *Respondent.*[1]

PLEADING — AMENDMENT — AT TRIAL. Trial amendments being within the discretion of the court, under Rem. & Bal. Code, § 303, allowing amendments in furtherance of justice, it is not error, in an action for personal injuries, to allow an answer alleging contributory negligence by a boy on a bicycle to be amended by pleading an ordinance and alleging that the boy was exceeding the speed limit.

MUNICIPAL CORPORATIONS — ACCIDENT IN STREET — CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE—CHILDREN. In an action for personal injuries sustained by a boy riding a bicycle and colliding with an automobile, an instruction as to the degree of care required by a child is sufficient where it is based upon the conduct of a reasonably prudent person of his age and capacity, using his faculties and powers of observation, having in consideration his age and experience; hence refusal of other instructions thereon is not error.

[1]Reported in 157 Pac. 215.

SAME—AUTOMOBILE ACCIDENT—WARNING. The driver of an automobile, turning slowly at a street intersection, is under no duty to sound a warning, where there was nothing upon the street, except boys approaching about a block away, and a warning would have been of no benefit to any person.

SAME—AUTOMOBILES—ORDINANCE — TURNING TO LEFT. Under an ordinance making it unlawful for any person while driving an automobile to occupy other than the right side of any street, except within the block at the point of destination, a person is within his rights, in turning at the center of the intersection of streets, to turn to his left to the place of destination.

SAME—AUTOMOBILE ACCIDENT — CONTRIBUTORY NEGLIGENCE — EVIDENCE—SUFFICIENCY. A boy riding a bicycle into the rear wheel of an automobile is guilty of contributory negligence which is the proximate cause of his injuries, where he was exceeding the speed limit and looking back, and could have avoided the accident if he had been looking in the direction he was going.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 27, 1915, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained in a collision with an automobile. Affirmed.

*E. J. Lindberg* and *Pruyn & Hoeffler*, for appellant.

*E. E. Wager*, for respondent.

MOUNT, J.—Action for personal injuries.

The plaintiff, a boy ten years of age, was injured in the city of Ellensburg on August 18, 1914, by riding a bicycle and striking an automobile driven by the defendant. The plaintiff alleges that the defendant was negligent in approaching a street intersection without sounding a warning; and also in turning to the left side of a street when he should have turned to the right. The defendant for answer denied the allegations of negligence, and alleged contributory negligence on the part of the plaintiff. Upon these issues, the case was tried to the court and a jury, resulting in a verdict and judgment in favor of the defendant. The plaintiff has appealed.

The facts, upon which there is little or no dispute, are as follows: Pearl street, in the city of Ellensburg, runs north and south. It is intersected by Third street, which runs east and west. At the time of the accident, about seven o'clock in the evening, the respondent was driving his automobile east on the right-hand or south side of Third street. He was approaching Pearl street. His destination was at the northwest corner of Third and Pearl streets. When he came to Pearl street driving on Third, he turned his automobile to the left at or about the manhole at the center of the intersection of those streets, and was going very slowly to his destination at the northwest intersection of those streets. At that time, three boys on bicycles were coming toward him, traveling west on the north or right-hand side of Third street, and at that time were about a block away to the east of Pearl street. The first boy, who was a little ahead of the plaintiff, passed to the rear of the respondent's automobile as it was moving to its destination. The plaintiff was not looking forward, but had turned his head to his left, and was looking backward. He ran his bicycle into the rear wheel of the defendant's automobile, and was severely injured.

Upon the trial of the case, without objection, the defendant introduced evidence to the effect that the plaintiff was traveling at a greater rate of speed than six miles per hour. At the close of the evidence, the defendant was permitted by the court to amend his answer by pleading an ordinance of the city of Ellensburg which prohibited the riding of bicycles within that district at a greater rate of speed than six miles per hour. The appellant contends this was error. This court has frequently held that an amendment of pleadings is within the discretion of the trial court. Rem. & Bal. Code, § 303 (P. C. 81 § 295); *Stoner v. Fryett*, *ante* p. 89, 157 Pac. 213. There is no merit in this contention.

The appellant contends, next, that the court erred in re-

fusing an instruction with reference to the degree of care required of a child of tender age. The court instructed the jury as follows:

"Of course, all of these things must be done to a reasonable extent, and as a reasonably prudent person of the age and capacity of the plaintiff here would naturally be expected to act under similar circumstances. And should you find that the plaintiff here was not using his faculties or powers of observation in a reasonable way, having in consideration his age and experience, and if he had been using the same in such manner the accident would not have happened or that his failure to use the same contributed in any material degree to the happening of the accident, and these things you believe by a fair preponderance of the evidence, then he cannot recover."

This instruction was proper, and all that was necessary. *Tibbitts v. Spokane*, 64 Wash. 570, 116 Pac. 397.

The plaintiff requested an instruction to the effect that the defendant was negligent in failing to toot a horn or give some signal of alarm upon entering Pearl street at its intersection with Third. The court refused this instruction, and we think properly; because, at the time the plaintiff entered Pearl street, he was driving very slowly, there were no vehicles upon that street, and nothing to require any signal of warning that he was about to approach that street. The accident happened after or about the time he passed off of Third street into Pearl street. The boys at that time were about a block away. They were coming toward him. There was nothing to indicate to him at that time that the boys were in any danger, or that there was any necessity for any warning signal when he entered that street. Furthermore, a warning signal would have been of no benefit to any person at that time.

It is argued that negligence of the defendant was shown, as a matter of law, because he turned his car to the left after he had come to Pearl street instead of keeping to the right-

4—91 WASH.

hand side of that street. The ordinance of the city of Ellensburg upon this question provides:

"It shall be unlawful for any person while driving . . . any automobile . . . over or through any street or avenue in the city of Ellensburg to occupy other than the right side of any such street or avenue, except within the block in which is the point of destination." Ellensburg Ordinance No. 587, § 2.

It is plain from this ordinance that the plaintiff was within his rights when, after turning the center of the intersection of Pearl and Third streets, he turned to his left to the place of his destination. At the time of the accident, the defendant was well within his rights. He was either passing off, or had passed off, of Third street into Pearl street, and was either at his destination, or within a few feet thereof when his automobile was struck by the plaintiff.

It is also contended that the appellant is entitled to recover because of the negligence of the defendant. The jury found that the plaintiff was traveling in excess of six miles per hour, in violation of a city ordinance. It is conceded that before, and at the time, the plaintiff struck the automobile, he had his head turned in the opposite direction, and was not looking in the direction he was going. This fact was clearly the proximate cause of the injury. If the plaintiff had been looking ahead, he could have avoided the accident as the other boy did, even though he was traveling more than the lawful rate of speed. Under these conditions, we are at a loss to see how there can be any recovery, or how the verdict of the jury could have been other than it was.

Some contentions are made upon other instructions. We have carefully read all the instructions. They clearly state the law; and we are satisfied the appellant had a fair trial.

The judgment must therefore be affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.