[No. 17995. Department One. August 21, 1923.]

HENRY SHUTZ, *by his Guardian ad Litem Nicoline Shutz, Appellant,* v. EARL EDGERTON, *Respondent.*[1]

NEGLIGENCE (22)—CONTRIBUTORY NEGLIGENCE—CHILDREN. There can be no recovery for personal injuries to a boy thirteen years of age, who, while riding a bicycle, took hold of an auto truck, in violation of an ordinance and contrary to warnings given him by his parents, where the driver did nothing to cause the injury and was not guilty of negligence.

Appeal from a judgment of the superior court for King county, Neal, J., entered July 20, 1922, dismissing an action in tort, upon granting a nonsuit. Affirmed.

*Geo. McKay,* for appellant.
*Shank, Belt & Fairbrook,* for respondent.

MITCHELL, J.—The plaintiff, Henry Shutz, by his guardian *ad litem,* brought this suit to recover for personal injuries alleged to have been caused by the negligence of defendant in an automobile accident on a street in the city of Seattle, and has appealed from a judgment of nonsuit.

It appears that the boy, nearly thirteen years of age at that time, and a companion fourteen years of age, were riding bicycles on the street. They overtook the respondent driving an auto truck at an ordinary rate of speed. Henry "took hold on the right hand side of the truck just ahead of the hind wheel and held on to the side of the truck." His companion took hold of the rear end of the truck. Henry further testified:

"He did not stop his truck nor tell us to let go nor order us away. He drove on about six blocks and I held on to the truck. Just beyond Jefferson Street I

[1]Reported in 217 Pac. 707.

went down under the right hind wheel of the truck and the wheel ran over my left leg and broke it just below the knee.''

His companion told the same story. The boys were used to riding bicycles on the streets and had been warned by their parents to keep away from moving trucks and ''not to cling to them.'' The accident occurred in the daytime.

Appellant relies on the cases of *Levin v. Second Avenue Traction Co.*, 194 Pa. St. 156, 45 Atl. 134, and *Ziehm v. Vale*, 98 Ohio St. 306, 120 N. E. 702. Those cases dispose of the rights of very young children—the one five and the other four and one-half years of age, and are not applicable here. In the present case, the injured boy was a youth of responsible age and intelligence pertaining to the particular subject-matter. The driver did not suddenly accelerate the speed of the truck; he did not come to a sudden stop; nor did he make a sharp or sudden turn. He simply drove along ''at an ordinary rate of speed,'' and although a few moments before the accident he noticed the boy holding on to the side of the truck, there is no evidence of any negligence on the part of the driver. It may be admitted that the moving truck was a temptation to the boy, but it did not amount to an invitation to him to take hold of it. The driver was pursuing his business in an orderly way, and the extent of his duty to the boy was not to injure him wantonly or recklessly. But apart from such considerations, it is clear that the boy was guilty of negligence that prevents a recovery. He was engaged in the violation of an ordinance of the city (set up and admitted in the pleadings) which says:

''No person shall take hold of a vehicle or a street car for the purpose of being drawn along by such vehicle or street car.''

· Although a minor, he was bound to use the reason and knowledge he possessed and to exercise the degree of care of which he was capable. Manifestly he was familiar with the traffic of the streets, including moving trucks, and was about as well cognizant of the danger to which he was exposed as any one else.

Affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.