## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 18182. Department One. January 3, 1924.]

FRANK MASTERSON, *by his Guardian ad Litem,*
*D. L. Masterson, Appellant,* v. McGOLDRICK
LUMBER COMPANY, *Respondent.*[1]

NEGLIGENCE (22)—CONTRIBUTORY NEGLIGENCE—CHILDREN. A boy thirteen years of age may be held guilty of contributory negligence as a matter of law where his conduct was such that reasonable minds may not differ as to his ability to comprehend the situation.

MUNICIPAL CORPORATIONS (383)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE. A messenger boy is guilty of contributory negligence as a matter of law in running in broad daylight into a large truck that had nearly made a turn into a street intersection.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 18, 1923, upon granting a nonsuit, dismissing an action for personal injuries sustained in a collision with an auto truck. Affirmed.

*R. L. Campbell,* for appellant.
*E. Eugene Davis,* for respondent.

MACKINTOSH, J.—The appellant, by his guardian *ad litem,* is suing the respondent, which was the owner of a truck, some eighteen or twenty feet in length, loaded with lumber, which came into collision with a bicycle

[1]Reported in 221 Pac. 990.

ridden by the appellant, at the intersection of Mission avenue and Hamilton street, in the city of Spokane; the only permanent injury resulting to the appellant being a scar upon his head. The appellant, at the time of the injury (July, 1920), was a youth of the age of thirteen years, who for sometime had been engaged as a messenger boy, and as such was accustomed to ride his bicycle and was familiar with the scene of the accident.

The appellant himself though appearing as a witness, contributed nothing to the record in the way of testimony as to the occurrence. He testified that he was rendered unconscious by the impact and had no recollection of what had happened before or at the time thereof. Only one eye-witness was called by the appellant; this witness was some two blocks distant from the intersection, and it is upon his testimony alone that the appellant must rely in establishing his cause of action. At the conclusion of the appellant's case, the respondent challenged the sufficiency of the evidence and the case was dismissed.

The testimony is that the appellant was riding his bicycle in a southerly direction on the westerly side of Hamilton street, midway between the curb and the west street car track (which would place him somewhere about nine or ten feet from the curb), and that the respondent's truck was being driven in a northerly direction on the east side of Hamilton street, about midway between the curb and the street car tracks; that the respondent's truck was being driven about 13 or 18 miles an hour and that, when it reached the intersection of Hamilton street with Mission avenue (which is one hundred feet in width), instead of proceeding to the center of the intersection and making his right-angled turn to the westerly on Mission avenue, the truck turned south of the center of the intersection and

proceeded to the northerly half of Mission avenue;
Mission avenue at that place containing a park area
twenty feet in width in its center; in other words, that
the truck cut the corner. The appellant's bicycle came
into collision with the truck near its rear end, and the
point of collision is fixed as being near or close to the
center of the westerly side of Hamilton avenue, or near
the west rail of the west car track, and either a little
to the north or to the south of the center of Mission
avenue.

It may be taken as established that the respondent
was guilty of negligence in making the turn into Mis-
sion avenue in a way violative of the traffic regulations
and the question before us is whether the appellant
can be held, as a matter of law, to have been guilty of
contributory negligence.

The first aspect of the question that presents itself
is whether, on account of the age of the appellant, the
court would be justified in holding him guilty of con-
tributory negligence. The boy's experience, occupation
and special familiarity with the situation and his gen-
eral familiarity with street conditions leave no doubt
but that he was of such experience and capacity as to
make him responsible for his acts, and while a minor
may not be held to the same degree of care as an adult,
yet when his conduct is such that reasonable minds may
not differ upon his ability to comprehend the entire
situation and the dangers attendant thereupon, the
court, as a matter of law, is justified in holding him
guilty of contributory negligence. *Olson v. Payne,* 116
Wash. 381, 199 Pac. 757; *Shutz v. Edgerton,* 126 Wash.
128, 217 Pac. 707.

The question then presents itself as to whether the
appellant's conduct was negligent and proximately con-
tributed to his injury. The testimony shows that, at

the time the appellant ran into the respondent's truck, the truck had nearly, if not completely, made the turn into Mission avenue. The accident took place in the summer time, in broad daylight; the truck was of such size and so conspicuous that anyone at all attentive to his own approach to the intersection must have seen it, had he been exercising the slightest degree of care. The appellant, had he been keeping a look-out for traffic approaching from his right on the portion of Mission avenue south of the parkway, must have seen the truck, shutting off that portion of the avenue, even had he not seen the truck as it came up Hamilton street. He evidently was not attentive to the conditions, for he did nothing to slacken his speed, nor did he swerve at all from his direct course, and ran his bicycle straight into the truck. The only conclusion must be that he was entirely neglectful of his own safety. There is no testimony that there was anything else upon the street which could, or did, distract the appellant's attention, and he was guilty of negligence, and that this negligence was the proximate cause of his injury hardly admits of discussion. The case seems to be similar in its facts to those of *Barton v. Van Gesen,* 91 Wash. 94, 157 Pac. 215, and *Tyrell v. Leege,* 105 Wash. 438, 178 Pac. 467, where the same result was announced. The judgment is therefore affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.