[No. 1768-1.    Division One.    January 21, 1974.]

GREGORY BROWN, *Appellant*, v. WILLIAM H. DERRY *et al.*, *Respondents*.

*Griffin, Bortner & Platis, Inc., P.S.*, and *Mathew D. Griffin*, for appellant.

*Anderson, Hunter, Carlson & Dewell* and *Julian C. Dewell*, for respondents.

SWANSON, C.J.—On August 19, 1964, Gregory Brown was riding on the trunk of a car driven by a companion, Hevy (Hugh) Woodard Derry, when the car suddenly jerked

slightly and Brown slid off and was injured. On September 3, 1971, Brown filed suit against the Derrys[1] to recover damages for his claimed injuries. The defendants moved for summary judgment of dismissal based upon the contention that the plaintiff Brown was contributorially negligent as a matter of law.[2] The trial court agreed and dismissed the plaintiff's lawsuit on June 23, 1972.[3] This appeal follows.

The pertinent and undisputed facts are as follows: On August 19, 1964, Gregory Brown, who was then 16 years of age;[4] the defendant, 17-year-old Derry; and several other teenage boys were skin diving near the oil docks at the south end of the Edmonds Marina in Edmonds, Washington. After about a half an hour of diving the boys decided to move to the beach by the Edmonds ferry terminal and continue their diving activity. Apparently because of the wet-and-sandy rubber "wet suits" the boys were wearing, they decided to ride on the exterior of Derry's automobile to prevent any damage to the car's interior. With the exception of defendant Derry who was driving, the other

[1]Suit was brought against William H. Derry and wife, the owners of the vehicle involved in the accident, and the driver of the vehicle, their 17-year-old son Hevy (Hugh) Woodard Derry. For convenience, reference will be made herein to Hevy Woodard Derry as if he were the sole defendant.

[2]We note that effective April 1, 1974, a determination that a plaintiff is contributorially negligent as a matter of law will not necessarily bar *all* possible recovery, in view of the legislature's enactment of a comparative negligence statute. Laws of 1973, 1st Ex. Sess., ch. 138, § 1, p. 666. *See Lyons v. Redding Constr. Co.*, 83 Wn.2d 86, 515 P.2d 821 (1973).

[3]The trial court considered the depositions of the parties and that of one Robert E. Smith, who was riding on the exterior of Derry's car with Brown on the date in question, plus Derry's answers to written interrogatories and plaintiff Brown's response to defendant's request for admissions, in addition to the pleadings, defendant's motion and affidavit, and plaintiff's memorandum in opposition to the motion.

[4]Gregory Brown indicated at one point in his deposition that he was probably 17 years of age at the time of the accident, but later in the same deposition gave April 3, 1948, as his birth date which would mean he was about 16 years and 4 months of age at the time of the accident.

boys, including the plaintiff Brown, positioned themselves on the trunk and rear and front fenders of the car. There is some conflict in the depositions as to whether the "wet suits" were still wet when the boys got on the car, but it is undisputed that the boys were all aware of the danger of riding on the trunk.[5] During the approximately 1-mile drive to the new diving site, Brown fell from the automobile and sustained severe injuries. He apparently fell when the car, which was proceeding at a speed of from 10-to-20 miles per hour, jerked or surged ahead suddenly due either to acceleration or changing gears.[6]

Plaintiff's single assignment of error is to the trial court's entry of the order granting summary judgment of dismissal. Although the plaintiff does not dispute any of the material facts surrounding the incident in question, he argues that the issue of his contributory negligence should be submitted to a trier of fact for two basic reasons: First, reasonable men could reach different conclusions as to whether a reasonably prudent person would have acted as the plaintiff did under the circumstances, and, second, inasmuch as

[5]Gregory Brown stated in part in his deposition: "Q But you didn't realize it was dangerous to ride on the trunk of a car? A I would have to probably have known it was dangerous, you know, but I mean not at the time when everybody is doing it; and when we were moving up the beach and we were diving and we were thinking of other things, I mean it would have gone right by me. I mean I wouldn't have set down right then and said, 'This is dangerous, I'm not going to do it.' Q You realized there was some risk, that you could fall off the car? A I suppose so."

One of the other boys who was also riding on the rear of the Derry vehicle, Robert E. Smith, stated in his deposition in part as follows regarding knowledge of the danger: "Q . . . Did you think that it might be dangerous to ride on the outside? A Mm-hmm [assenting.]"

[6]Robert E. Smith stated in his deposition in part: "Q Now, as you proceeded to leave the place and all, do you know what the speed of the car was as you were going along there? A He was going quite slow. Q About ten miles an hour? A Probably between ten and twenty. . . . Q Now, you say the car jerked, could that have been from shifting gears or anything like that? A Yes, very possible. . . . Q All right. And was Greg waving at somebody at the time he fell off? A I doubt it. I couldn't say for sure. . . . Q What was he holding on to? A I don't know."

the capacity of a 16-year-old boy for contributory negligence is dependent upon his intelligence, maturity, training and experience, such capacity cannot be decided as a matter of law but must be submitted to a trier of fact for determination.

In considering plaintiff's first argument, we accept as true that interpretation of the evidence most favorable to the plaintiff, *Rikstad v. Holmberg*, 76 Wn.2d 265, 456 P.2d 355 (1969), and recognize the well-established general rule that the question of contributory negligence is one for the jury to determine and it is only in rare cases that the court is justified in withdrawing a negligence issue from the jury. *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 397 P.2d 857 (1964). As we stated in *Stevens v. State*, 4 Wn. App. 814, 816, 484 P.2d 467 (1971):

> Clearly, the issue of contributory negligence is a jury question unless the evidence is such that all reasonable minds would agree that the plaintiff had exercised the care which a reasonably prudent man would have exercised for his own safety under the circumstances.

Of course, the converse of the quoted rule is also true and is properly applicable to the case at bar. We are also mindful of Const. art. 1, § 21 which provides that the right of a trial by jury shall be preserved inviolate but, at the same time, we are bound by the rule stated in *Guerin v. Thompson*, 53 Wn.2d 515, 519, 335 P.2d 36 (1959):

> The court can determine negligence, as a matter of law, when (1) the standard of care fixed is the same under all circumstances, and its measure is defined by law, and (2) where the facts are undisputed and there is but one reasonable inference therefrom.

*See Foster v. Bylund*, 7 Wn. App. 745, 503 P.2d 1087 (1972); *Leach v. Weiss*, 2 Wn. App. 437, 467 P.2d 894 (1970).

Applying the foregoing principles to the uncontroverted facts, we are convinced that the trial court correctly concluded that the plaintiff Brown was contributorially negligent as a matter of law to ride on the trunk and fenders of

Derry's automobile while wearing a rubber "wet suit," especially in view of the fact that the surface upon which Brown was seated was smooth and there was nothing which could be used as a hand grip.[7] The risk of harm in attempting to ride on the exterior of an automobile for even a short distance in such a fashion is plainly a foreseeable risk, and reasonable minds could not differ with respect to it.

■ Turning to plaintiff's second argument, we begin with the general proposition that the capacity of a 16-year-old boy for contributory negligence is a question of fact based on the child's age, intelligence, and maturity. *See Graving v. Dorn*, 63 Wn.2d 236, 386 P.2d 621 (1963), and cases cited therein; *but see Colwell v. Nygaard*, 8 Wn.2d 462, 112 P.2d 838 (1941), where the court said at page 476:

> Persons eighteen years of age should be held to the exercise of the same judgment and discretion in caring for their own safety as persons more advanced in years.

*Accord, Chapman v. State*, 6 Wn. App. 316, 492 P.2d 607 (1972). In *Wickman v. Lundy*, 120 Wash. 69, 206 P. 842 (1922), a case involving the alleged contributory negligence of an 11-year-old boy in failing to look for traffic before crossing a street, the court said at page 73:

> It is further claimed the case should have been taken from the jury because the testimony shows, as a matter of law, that the boy was guilty of negligence which materially contributed to his injury. In cases where children are involved, the question of contributory negligence is often close and difficult of decision. What would be negligence in a person of mature age and judgment might not

---

[7]Another portion of the deposition of Robert E. Smith states in part: "Q Was there any form of horseplay or anything on the rear of that vehicle between any of you boys who were sitting back there during the time you were traveling from the oil dock? A No. We were just trying to stay on. It was slick with our suits on. . . . Q What was he [Brown] holding on to? A I don't know. He was on the side, and I was in the middle, and I don't have any idea. I don't think we were holding on to anything. Q You don't remember holding on to the back doors of the car or anything like that? A I wasn't. I don't think they were."

be such in a child of immature judgment. *Certainly cases have arisen and will arise where the court, taking into consideration the age of the child, the character of his mind and all the surrounding circumstances, can say, as a matter of law, that there can be no recovery because of contributory negligence.* No fixed rules of law or conduct can be laid down. Each case must rest on its own peculiar facts.

(Italics ours.) In determining whether or not this is one of those cases where the court, as a matter of law, can deny recovery because of the contributory negligence of a minor, we must judge the conduct of the 16-year-old plaintiff, Gregory Brown, in the light of the situation as it appeared to him at the time he climbed upon the trunk of the Derry automobile in his rubber "wet suit," expecting to ride in that location for a distance of a mile or so. In other words, the key to the question of the reasonableness of the plaintiff's conduct is not what actually happened, but what the reasonably prudent person of plaintiff's age, intelligence, maturity, etc., would have foreseen as likely to happen.

Measuring plaintiff's conduct against these criteria, we cannot accept the contention that there could be two opinions as to whether or not Gregory Brown was negligent in riding on the trunk of the Derry vehicle under the circumstances and conditions indicated by the record. Although a boy 16 years of age is not to be held to the same degree of care to which a person of mature years is held, he nevertheless is bound to use the reason and knowledge which he possesses and to exercise the degree of care of which he is capable. *Shutz v. Edgerton,* 126 Wash. 128, 217 P. 707 (1923); *Barton v. Van Gesen,* 91 Wash. 94, 157 P. 215 (1916); *Rose v. Northern Pac. Ry.,* 81 Wash. 684, 143 P. 145 (1914). As stated in *Rose* on page 687:

But the rule does not absolve a youth from all care. He must still exercise that degree of care commensurate with his age, and if he fails so to do, he is guilty of contributory negligence.

Thus, in *Rose,* a boy nearly 15 years old was held negligent

as a matter of law in riding on the lower steps of a rapidly moving railroad car, engaging in exercises which caused his body to project beyond the side of the car. The court stated on page 687:

> It seems to us too much to say that a boy close to his fifteenth year would not know that it was dangerous to attempt to ride on the lower step of a train while it was moving with the usual speed between stations . . .

In *Barton,* a 10-year-old boy who, while looking backward, ran his bicycle into the rear of an automobile was held negligent as a matter of law. In *Shutz,* a 13-year-old was held guilty of contributory negligence when he held on to a moving vehicle while riding a bicycle, in violation of a city ordinance and his parents' warnings. Based upon the holdings of these and similar cases, we conclude that the trial court in the case at bar was correct in concluding as a matter of law that the conduct of plaintiff Brown was negligent.

Plaintiff makes an additional argument based upon the defendant Derry's apparent violation of RCW 46.61.660 which provides in part:

> It shall be unlawful for any person to transport any persons upon the running board, fenders, hood or other outside part of any vehicle . . .

Plaintiff contends not only that defendant's violation of the statute is negligence per se, but also that the statute was enacted to protect persons from their own negligence, and therefore the defense of contributory negligence does not apply and defendant must be held strictly liable for plaintiff's injury. In making this argument plaintiff relies upon this language in *Skarpness v. Port of Seattle,* 52 Wn.2d 490, 493, 326 P.2d 747 (1958):

> If the purpose of the statute itself would be thwarted by allowing the defense of contributory negligence, it will not be entertained.

But the *Skarpness* court then went on to explain the limitation and applicability of such a doctrine, stating at page 493:

Illustrative of such statutes are those designed to protect people against their own negligence and place the entire burden upon the defendant, such as the Federal safety appliance act, factory acts, and child labor acts. On the other hand, contributory negligence is a bar if the statute merely fixes a standard of care, and both the warehouse act and the city ordinance are within the latter classification. The law in the United States is summarized in the following paragraph from Prosser on Torts (2d ed.) 283, 289, chapter 10, § 51:

"The effect of contributory negligence upon the liability of a defendant who has violated a statutory duty is a matter of the legislative purpose which the court finds in the statute. If it is found to be intended merely to establish a standard of ordinary care for the protection of the plaintiff against a risk, his contributory negligence with respect to that risk will bar his action as in the case of any common law negligence. But there are certain unusual types of statutes, such as child labor acts, factory acts for the protection of workmen, or railway fencing or fire statutes, which have been construed as intended to place the entire responsibility upon the defendant, and to protect the particular class of plaintiffs against their own negligence. In such a case, as in the case of the statutes involving the age of consent, the object of the statute itself would be defeated if the plaintiff's fault were a defense, and the courts refuse to recognize it."

(Footnote omitted.) As the quoted language indicates, RCW 46.61.660 does not fall within the class of statutes identified by the *Skarpness* court as designed to protect a plaintiff from his own negligence. Thus, submission of a contributory negligence instruction was approved in *Upchurch v. Hubbard,* 29 Wn.2d 559, 188 P.2d 82 (1947), even though the defendant had violated what is now RCW 46.61.660 by giving an 8-year-old boy a ride on the running board of his mail truck.[8] Further, as defendant points out, there are other automobile statutes which are directed only

___

[8]The court in *Upchurch* held that the host-guest statute (RCW 46.08.080) did not apply to bar recovery by a nonpaying guest when the relationship between the operator of the truck and the person transported was not lawful because the operator had violated the statute prohibiting the manner of transportation involved.

to the duty of a motorist, but in cases construing such statutes the courts have considered the corollary duty on the part of another driver or that of a pedestrian. *See, e.g.,* RCW 46.61.180, *et seq.,* dealing with automobile driver rights-of-way, and *Martin v. Hadenfeldt,* 157 Wash. 563, 289 P. 533 (1930). *See also* RCW 46.61.230, *et seq.,* dealing with pedestrian rights and duties, and *Shasky v. Burden,* 78 Wn.2d 193, 470 P.2d 544 (1970).

Plaintiff's final argument is that defendant's conduct in transporting the plaintiff on the exterior of his automobile in direct violation of RCW 46.61.660 is not only negligence per se, but is evidence of willful and wanton misconduct as that theory of liability is defined in *Adkisson v. Seattle,* 42 Wn.2d 676, 258 P.2d 461 (1953), so that contributory negligence is not a defense. Therefore, he contends the question of wanton and willful misconduct must be submitted to a trier of fact.

A review of the incident in question, most favorably to the plaintiff, does not lead to the conclusion urged by the plaintiff. We cannot say that there is anything about defendant's actions in giving the plaintiff a ride that can be construed as evidence of wanton or willful misconduct. Such a theory of liability is not supported by the undisputed facts, nor was it alleged in plaintiff's complaint. The trial court correctly granted summary judgment.

FARRIS and WILLIAMS, JJ., concur.