IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31272-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ETHAN D. YORK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ethan York challenges his juvenile court adjudications for first degree malicious mischief and reckless endangerment on the basis that the trial court erroneously admitted into evidence his statements to the investigating detective. We conclude that the trial court correctly determined that the statements were not the subject of custodial interrogation and affirm the adjudications.

FACTS

Two Spokane County Sheriff's Deputies, working under the sheriff's contract with the City of Spokane Valley, responded at high speeds to a report of a large fight in progress in the city. The first deputy's vehicle hit some object but continued down the road, while the second deputy's vehicle hit a different object, went into a spin, and ultimately overturned, injuring the deputy. An investigation determined that tree branches and a log had been placed on the street. The log had caused the accident.

Detectives investigating the incident received a tip that Curtis Whittikind and his cousin, Ethan York, were responsible for the accident. The detectives spoke with Whittikind who told them how to find Mr. York. Detective Welton and Deputy Moser went to the home of Erin Carlson, the mother of Mr. York's girl friend. Ethan York was living at the Carlson home at the time. Ms. Carlson invited the two investigators into the home to speak with York about a criminal investigation.

Mr. York and his girl friend came up from the basement and sat on a couch in the living room with the detective. Ms. Carlson stood in the doorway to the living room while Deputy Moser stood in the foyer. Welton told York that he was investigating "a crime" and had spoken to Whittikind, who had "spilled it to me." Mr. York became glum. Detective Welton encouraged York to speak, but did not question him. Mr. York admitted his involvement with "putting things in the road" and wrote a statement to that effect.

The statement was admitted at the adjudication after the juvenile court concluded it was not the product of a custodial interrogation. The statement was the sole evidence connecting Mr. York to the incident. The court concluded that Mr. York had committed both of the charged offenses.

Mr. York then timely appealed to this court.

ANALYSIS

The sole issue presented in this appeal is a contention that the court erred by concluding Mr. York's statements were not the products of a custodial interrogation. Well settled law confirms that the trial judge correctly assessed the situation.

Prior to conducting a custodial interrogation, an officer must first advise the suspect of his rights regarding the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). A defendant is in custody for purposes of *Miranda* when his freedom of action is curtailed to the degree associated with a formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984).[1] Interrogation is "express questioning or its functional equivalent" by police. *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). The "functional equivalent" of questioning involves behavior that police should know is "reasonably likely to elicit an incriminating response." *Id.* at 302.

The United States Supreme Court extended the protections of *Miranda* to juveniles in *In re Gault*, 387 U.S. 1, 42-57, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967). However, juveniles are not extended additional *Miranda*-type protections. *Id.* at 55; *State v. Miller*, 165 Wn. App. 385, 389, 267 P.3d 524 (2011), *review denied*, 173 Wn.2d 1035 (2012).

---

[1] In *Berkemer*, the court concluded that routine roadside seizure and questioning did not amount to custodial interrogation. 468 U.S. at 440.

3

Here, the juvenile court determined that Mr. York was not in custody and was not subject to interrogation since he was simply encouraged to tell his story. We agree with the determination that Mr. York was not in custody and, therefore, need not address his argument that the interview was the functional equivalent of interrogation.

Because *Miranda* "custody" is equated with a formal arrest, questioning that takes place in public or private environments outside of police control frequently is not considered "custodial." For example, juveniles questioned in Spokane's Riverfront Park were not "in custody." *State v. Heritage*, 152 Wn.2d 210, 95 P.3d 345 (2004). An adult questioned in the course of a search of her apartment was not in custody in *State v. Rosas-Miranda*, 176 Wn. App. 773, 309 P.3d 728 (2013). A juvenile rape suspect questioned in his own home in his mother's presence was not found to be "in custody" in *State v. S.J.W.*, 149 Wn. App. 912, 206 P.3d 355 (2009).

Similarly here, Mr. York was not in custody while he sat with his girl friend on the couch in the living room of the house where he was residing. There were no hallmarks of a formal arrest that could have turned this conversation into a custodial setting.[2] The juvenile court correctly concluded that Mr. York was not in custody.

---

[2] This court has even concluded that advising a suspect that he was under arrest and placing him in a patrol car did not constitute an arrest because he was not deprived of his telephone. *See State v. Radka*, 120 Wn. App. 43, 83 P.3d 1038 (2004).

4

No. 31272-1-III
*State v. York*

The adjudications are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

31272-1-III

FEARING, J. (concurring) — I concur in the affirmation of Ethan York's conviction, although I disagree that the same standard applied to an adult necessarily applies to whether a minor has undergone a custodial interrogation. That question should await another day.

In *United States v. Mendenhall*, 446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980), the United States Supreme Court established the test for what constitutes a seizure, which test Washington courts employ today. *See State v. Harrington*, 167 Wn.2d 656, 663, 222 P.3d 92 (2009). A seizure occurs when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall*, 446 U.S. at 554; *accord Harrington*, 167 Wn.2d at 663; *State v. Rankin,* 151 Wn.2d 689, 695, 92 P.3d 202 (2004). Stated differently, a police contact constitutes a seizure only if, under the totality of the circumstances, a reasonable person would not have felt free to leave, "terminate the encounter, refuse to answer the officer's question, or otherwise go about his business." *State v. Thorn*, 129 Wn.2d 347, 353, 917 P.2d 108, *overruled on other grounds by State v. O'Neill*, 148 Wn.2d 564, 62 P.3d 489 (2003). Whether a reasonable person would believe he was

detained depends on the particular, objective facts surrounding the encounter. *State v. Ellwood*, 52 Wn. App. 70, 73, 757 P.2d 547 (1988).

Since the courts use a reasonable person standard, the test of whether a person considers himself or herself detained is the same no matter the citizen's race, sex, mental acuity, and social background. Nevertheless, neither the United States Supreme Court nor the Washington Supreme Court has analyzed whether the reasonable person standard changes when the police contact is with a minor. In *State v. Heritage*, our high court expressly declined "to decide whether the age of the suspect can ever be taken into account for purposes of the *Miranda* custody requirement." 152 Wn.2d 210, 219, 95 P.3d 345 (2004).

Psychological literature teaches that people feel compelled to comply with authority figures, particularly law enforcement. This compulsion may be stronger with youth. Because of limited experience and judgment, children cannot sign legally binding contracts or bring lawsuits. RCW 26.28.015; *Bellevue Sch. Dist. v. E.S.*, 148 Wn. App. 205, 214, 199 P.3d 1010 (2009), *reversed on other grounds, Bellevue Sch. Dist. v. E.S.*, 171 Wn.2d 695, 257 P.3d 570 (2011). Washington law tolls the statute of limitations for personal injury to minors, since they generally lack the understanding, knowledge and resources to effectively assert their rights. *DeYoung v. Providence Med. Ctr.*, 136 Wn.2d 136, 146, 960 P.2d 919 (1998). The capacity of a minor, including a 16-year-old boy, for

2

No. 31272-1-III
*State v. York* — concurring

negligence or fault in torts is a question of fact based on the child's age, intelligence, and maturity. *Brown v. Derry*, 10 Wn. App. 459, 463, 518 P.2d 251 (1974).

In his appellate brief, Ethan York observed that he recently turned 16 years old when the officers spoke to him, "so his youthfulness and naivety must be taken into account." Br. Appellant at 11. York provided no authority for this argument. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3(a)(6); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012).

_____
Fearing, J.

3